## NEWELL *VS*. TURNER.

1. The vendee of real estate, may rescind a contract, where there was a defect of title in the vendor,—the offer to rescind having been made as soon as the defect was discovered, and no conveyance having been made.

Error to Franklin Circuit court.

Assumpsit on a written agreement for the sale of land, tried before *Coleman*, J. Verdict and judgment for plaintiff below.

The defence set up, was a defect of title in the vendor. It appeared from the bill of exceptions, that the court charged the jury, that "although they might believe from the evidence, that the plaintiff represented to the defendant, while they were making the agreement for the sale and purchase of the lots and buildings, that the lots contained land which was proved not to form any part of them, it gave the defendant no right to abandon and rescind the said agreement, and avoid the payment of the purchase money, unless the jury believed also from the evidence, that the plaintiff knew when he made such representation, that it was untrue." To which charge, defendant below excepted, and now assigns the same for for error.

*Hopkins*, for plaintiff in error.

ORMOND, J.—The question presented on this record, is whether a vendee of real property can rescind a contract, the vendor having represented at the time of the

Newell *vs*. Turner.

sale, that the enclosure around the lots, which were the subject of the contract, contained the lots he was selling, when in fact, the enclosure included a part of the public street and common, on which a portion of the dwelling house, and all the out houses were situated, the offer to rescind, having been made as soon as the fact was discovered—and no conveyance having been made.

It is a general rule, that when a vendor gives a false description of the estate, in a material matter, the vendee may rescind the contract at law, where no conveyance has been made—(Sugden on Vendors, 211, and cases there cited.) The English books are full of cases, in which a purchaser has been compelled to receive the property and execute a contract, where there had been a misdescription as to a part of the property purchased, the vendor making compensation. But a different rule prevails where the defect of title is in a lot sold entire, as in such case, the defect goes to the whole estate, and a specific performance will not be enforced—(Roffey vs. Shallcross, 4 Maddox, 227, and Dalbey vs. Pullen, 3 Simons, 29.) In this case, the defect was material, and inherent in the thing sold; a portion of the dwelling house is not on the land purchased by the defendant in error; the defect, therefore, goes to the whole estate.

But it is supposed by the court below, in this case, that the rule is confined to cases where the representation was fraudulently made. It is material to consider, that in this case, it does not appear that any conveyance has been made to the property, and although in a case where the contract was fully executed, a Court of Chancery might not interfere, where no fraud had intervened, but

leave the parties to their remedy, on the covenants entered into between them ; a different rule prevails where the contract is unexecuted—(B'k of Columbia vs. Hagner, 1 Peters, 465.) The injury to the purchaser is the same, whether the representation was made falsely, or in good faith : in either case, the purchaser does not get what he stipulated for—and without his fault, for the rule is confined to cases where the purchaser could not by inspection, or by reasonable enquiry, ascertain the truth of the statement.

In the case of Oldfield vs. Round, (5 Vesey, jr. 508,) Lord Rosslyn said he could not help a purchaser, who did not choose to enquire. In that case, a meadow was sold, without notice of a foot-way round it, but as it could have been discovered by inspection or enquiry, it was not a *latent* defect. Here the defect was a latent one : it does not appear from the record, that it could have been discovered by inspection, and although a survey would have disclosed the condition of the lot, such extreme diligence cannot be exacted. The rule is thus concisely laid down by a recent writer : " If the misdescription goes to the whole estate, and is such that the purchaser, with ordinary care, could not have discovered the error, and was, at all events, not previously acquainted with it, then the court will not enforce the contract" —(Atkinson on Marketable Titles, 100.)

The principle determined here was, in effect, decided by this court, in the case of Killough vs. Wade, (3 Stewart & Porter, 431,) where a vendee was not allowed to resist a recovery on the note for the purchase money, for want of title in the vendor, " there being no effort made to place

the vendor in *statu quo* by a return of the premises." Let the judgment be reversed, and the cause remanded.