NORWOOD & CHAMBERS v. RIDDLE.

1. The service of process is sufficiently shewn by proving that the signature of the defendant to an acknowledgement thereupon endorsed, is in his own hand-writing.

2. Where the judgment entry recites, that the signature of the defendant to the service of the process was shown to the court, by the affidavit of a third person, the supreme court will intend that the affidavit was made in open court, and that the witness was there examined.

THIS case comes here by writ of error from the county court of Jackson.    The defendant in error, caused to be issued a peti-tion and summons against the plaintiffs in error, returnable to the county court of Jackson; which was executed on Chambers by the Coroner of that county, and on which was the following endorsement: "I acknowledge the service of the within writ.

Feb. the 6th, 1838.                          HENRY NORWOOD."

The entry of judgment commences as follows: "Came the plaintiff by his attorney, and upon the affidavit of Moses Jones,

to the hand writing of the signature of Henry Norwood, to the acknowledgment of the service of the writ upon him, and on motion of the plaintiff by his attorney, and the defendant being solemnly called, &c., came not, but made default."

It is assigned for error that it does not sufficiently appear from the record, that Norwood was served with process.

HOPKINS, for the defendant.

McCLUNG, contra.

COLLIER, C. J.—The endorsement on the process, purporting to be an acknowledgment of service on Norwood, is certainly not sufficient proof of that fact: but when it is shown that the acknowledgment is subscribed with the name of Norwood, in his own hand-writing, the evidence is satisfactory to show, that the act was his own.

It is, however, objected, that the court cannot know that the *affidavit* of Moses Jones, was regularly made; that it may have been taken out of court before a justice of the peace, or other officer. This objection may be well founded in point of fact, but the inference is unauthorised, by any any thing in the record. According to a well established rule, every intendment must be here made in favor of the judgment of a subordinate court, which can consistently be made. Now, as we must suppose, that the county court would not have admitted an affidavit, which was not legal proof of the fact, it will be intended that the affidavit was made in open court, and that the witness was there examined.

This view shows that there is no error in the proceedings in the county court; and its judgment is consequently affirmed.