CLEMENS v. LOGGINS.

1. A vendee of land may tender the purchase money according to his contract, and demand title, and if the vendor refuse to make title, he may rescind the contract.

2. But the mere abandonment of possession without such tender, demand of title, and refusal, will be no defence when sued for the purchase money.

3. It is no defence to an action for the purchase money of land, that the vendor has no title, the vendee retaining the possession.

4. When the vendee is sued by the assignee of the vendor, on a note given for the purchase money, he cannot prove by the declarations of the vendor, that he had no title to the land, as the vendor might have been examined as a witness for the vendee.

5. A promise, by the maker of a note, to the assignee after the assignment, that he will pay it, will not preclude him from making any defence, which existed previous to notice of the assignment; such promise being without consideration.

6. When the evidence in a cause is conflicting, the court cannot charge the jury, that if they believe the evidence, they must find for the plaintiffs.

Error to the Circuit Court of Tuscaloosa County.

THE action was assumpsit on two promissory notes, for two hundred dollars each, made by the defendant in error, to one Obadiah Cooper, and by him assigned to the plaintiff in error.

On the plea of non assumpsit, the defendant had judgment.

From a bill of exceptions taken on the trial below, it appears that one Cotton had purchased a tract of land of Cooper, the plaintiff's assignee, on credit, and received a bond for title; that being unable to comply with his contract, the defendant agreed to take the bargain off his hands, and gave Cotton one hundred dollars, and executed three notes for two hundred dollars each, payable the 25th December, 1837, 1838, and 1839, which being handed to Cooper, he executed a bond conditioned to make title, which by mistake, was filled up with the name of Cotton, instead of the defendant. Cotton's notes and title bond were cancelled; and the defendant let into possession of the land.

The defendant proved by a witness, that some time previous to January, 1838, he went with defendant to Cooper; that defendant offered to pay him for the land, if he, Cooper, would make him title; that Cooper refused, and said he could not make title, because he had none himself. To the declaration of Cooper that he had no title, the plaintiff objected; but the court overruled the objection, and the plaintiff excepted.

The defendant also proved, that Cooper had rented the land last year, to one Hendricks, as his own property.

The plaintiff proved, that in the summer of 1838, he gave a written notice to the defendant, that he had purchased the said notes; that defendant said the notes were good, except that ninety or a hundred dollars on one of them was paid. He further said he had told the plaintiff the same thing a few days before, when, as witness recollects, the plaintiff was inquiring about the notes, before he bought them. Plaintiff also proved by another witness, that he, witness, had rented the land, of defendant, two

years since, and was to pay him fifty dollars a year, but had never paid any rent, as defendant had not required it of him; defendant had complained that he had not put as many rails on the land as he had agreed to do.

The suit was brought on the two notes first falling due, and the trial took place in the court below, in February, 1840.

Upon this testimony, the plaintiff moved the court to charge the jury,

*First.* That if they believed, from the evidence, that the notes were given on the purchase of the land spoken of, and that a bond was given by Cooper, the vendor, which by mistake, was made to Cotton instead of the defendant, and was received by the defendant, that in equity the bond would enure to his benefit. And if they believed the vendor had no title, yet the plaintiff in this case, is entitled to recover: and the fact, that the vendor had no title, is not a good defence to this action, there being no fraud. The court charged, that in equity the bond would enure to the benefit of the defendant; but refused to give the remainder of the charge.

*Second.* If the jury believed the notes were given on the purchase of the land spoken of, and that the defendant had possession of the land under the purchase, then he cannot resist the payment of the purchase money, there being *no fraud in the* case. This charge, the court refused, as moved for, but said, that if the defendant had abandoned the possession, he could resist the payment of the notes.

*Third.* That if the defendant, after the notes were assigned to the plaintiff, told the plaintiff or his agent, on being inquired of about the notes, that they were good, and that he had no defence to them, plaintiff is entitled to recover; which the court refused.

*Fourth.* If the jury believed the testimony introduced, they must find for the plaintiff; which the court also refused.

To the refusal of the court to charge as moved for, and to the charges as given, the plaintiff excepted, and now assigns for error.

PECK, for the plaintiff in error, cited Christian v. Scott, Minor's Rep. 354: Garrow v. Hallett, 2 Stewart 449: Jordan v. Wilson, 3 Stewart & Porter 92: Wiley v. White and others, ibid. 355: and Wade v. Killough, ibid. 431: also, Young v. Triplett, 5 Littell's Rep.

J. L. MARTIN, for defendant in error, cited Smith v. Pettus *et al.* 1 Stewart and Porter 107: Wade v. Killough, 3 Stewart and Porter 434.

ORMOND, J.—The tender of the purchase money of the land, and demand of title, as well as the refusal of the vendor to make title, were facts which it was competent for the defendant in error to prove; but the declarations of Cooper, the vendor of the land, and assignor of the plaintiff, that he had not title, were not evidence in this action, because he was competent to testify for the defendant in the cause, as has been repeatedly held in this court; and therefore, for that cause, if no other existed, his declarations could not be given in evidence.

There was no error in the refusal of the court to charge, that the plaintiff, in the absence of fraud, could recover, even if the vendor had no title. It is clear, from the testimony in the cause, that the contest in the court below, was, whether there had been a recision of the contract for the sale of the land, and a yielding of the possession to Cooper, the vendor. It is true, that if the defendant had remained in possession of the land, it would have been unimportant whether Cooper had title or not; and the charge asked for, can only be supported on the concession that such was the fact. This fact the jury alone could determine, and the vice of the proposition is, that it takes from the jury the consideration of this question.

Understanding the second charge to mean, that the *possession* there spoken of, was a *continuing* possession, it should have been given by the court. No principle is better settled, than that the vendee of land can retain the possession, and refuse to pay the purchase money. The qualification annexed to the refusal to charge, is also erroneous. A mere abandonment of the possession is not, of itself, sufficient to rescind the contract.

79

A vendee of land, may tender the purchase money according to his contract, and demand title, and if the vendor refuses to make title, the vendee may abandon the possession and thus rescind the contract; but, in supposing that abandonment of possession was sufficient, without a demand of title and refusal to make it, the court erred. The bond for title is not set out in the record, and we are therefore unable to say, whether the defendant had a right to demand a title, before the last note fell due. (See Newell v. Turner, 9 Porter 420: and Larkin v. The Bank of Montgomery ibid. 434.)

The third charge was correctly refused. A promise by the maker, to pay the assignee of a note after the assignment, being without any consideration, will not preclude him from availing himself of any defence to the note, which existed previous to the notice of the assignment.

The fourth charge, that if the jury believed the testimony, they must find for the plaintiff, was also correctly refused. Such a charge would only have been proper, in a case where there was no conflict between the witnesses; and the facts were clear, direct and positive.

In this case, if some of the defendant's witnesses were believed, there was a recision of the contract by agreement of the parties; as the proof, was that Cooper the vendor, after the tender of the purchase money and refusal to make title, was in possession of the land, exercising ownership over it. There was also testimony introduced by the plaintiff, which, if believed by the jury, would justify the conclusion that there was no recision of the contract, either by operation of law, or by the agreement of the parties. The decision of the question therefore, could only be made by the jury, who are alone competent to judge of the credibility of witnesses, and the weight of testimony.

For the error of the court, in refusing to give the second charge, as asked for, and for the wrong qualification annexed to it, the judgment must be reversed, and the cause remanded for further proceedings.