Mr. Justice Walker delivered the opinion of the Court. Thé question presented for our consideration is, whether the Circuit Court had acquired jurisdiction of the person of the defendant so as to enable it to render judgment against him. Upon the back of the writ of summons is the following endorsement: “ I, Abraham Clark, do acknowledge due and legal service of the within writ, and promise to enter my appearance at the next term of the Scott Circuit Court, this 17th October, 1839. (Signed) ABRAM CLARK.” Attest: W. Walker.” It is not pretended that this endorsement of itself is evidence of service; but, admitting that it was necessary to prove it, it is insisted that this Court should presume in support of the .judgment of the Circuit Court that such proof was made. This Court, in the case of Clary vs. Morehouse, (3 Ark. 261,) held that “ an endorsement on a declaration by the defendant, waiving the necessity of a writ or of service, is a mere agreement between the parties, which cannot dispense with service.” This decision, it will be observed, was made in a case where there was no writ, and it is questionable whether, under a liberal practice, such as looks to the reason rather than the letter of the law, this decision could be made to extend to endorsements of the defendant on the writ, by which he acknowledged to have notice of the suit, and consented that he would appear to the action. This practice has been tolerated in Alabama, (Norwood vs. Riddle, 1 Ala. 195,) and we perceive no sensible reason why it may not be held to affect the party defendant with notice, and give the Court jurisdiction. But it will be seen that, in that case, the Court required proof that such endorsement was in fact made by the defendant. In the case before us, it does not appear from the record whether such' proof was made or not; but we are called upon to say whether we should not, in support of the judgment of the Circuit Court, presume that such proof was made. This .Court has repeatedly decided that no presumptions are to be indulged in favor of the correctness of the decisions of the Court until it has acquired jurisdiction of the person of the defendant. We are aware that the former decisions of this Court, with regard to constructive notice, and,in some other cases, have not given entire satisfaction to the bar. Without being understood as expressing any opinion as to whether, in some instances, the rule may not have been extended too far in cases of constructive notice, we think in the case before us the rule heretofore adopted by this Court should'not be changed. The precise question before us has been repeatedly before the Supreme Court of Alabama: and in the case of Welch ad. vs. Walker et al., (4 Porter 120,) it was “held that the mere endorsement on process of an acknowledgment of service, without proof of the genuineness of the signature of the defendant, will not authorize a judgment.” And, in a still later case, (Norwood & Chambers vs. Riddle, 9 Porter 420,) where judgment was taken by default (as in this case) on a written acknowledgment of service by the defendant on the writ, the Court held “that such endorsement was not even prima facie evidence of the fact of acknowledgment.” These decisions go far to sustain the former decisions of this Court, that, until the Court has acquired jurisdiction of the person of the defendant, presumptions in favor of the correctness of its decisions are not to be indulged. The motion must be denied.