## TALLADEGA INSURANCE COMPANY vs. WOODWARD.

| 44 | 287 |
| 128 | 281 |

[ACTION ON CERTIFICATE OF DEPOSIT.]

1. *Service of process ; who may lawfully accept.*—In a suit against a corporation, any officer, agent or employee thereof, on whom the summons and complaint may be executed, is competent to accept the service.

2. *Service of process, acceptance of; what not evidence of.*—An acceptance of service by one secretary of the corporation, is not of itself sufficient evidence that he bears that relation to the corporation.

3. *Judgment entry, recital that "service was proven to satisfaction of the court;" how construed.*—A recital in the judgment ,entry that "service was proven to the satisfaction of the court," will be intended to mean that one who accepted service as secretary of a corporation, was shown by the proof to have been such secretary, in order to sustain the judgment.

4. *Certificate of deposit; judgment by default, without intervention of jury, may be rendered on.*—A certificate of deposit is an instrument in writing ascertaining the plaintiff's demand, upon which a judgment by default may be entered up by the clerk, without the intervention of a jury.

APPEAL from the Circuit Court of Talladega. Tried before Hon. JOHN HENDERSON.

The opinion contains the facts.

JOHN T. HEFLIN, for appellant.
J. A. WOODWARD, *pro se.*

B. F. SAFFOLD, J.—This suit was brought by the appellee against the appellant. The plaintiff claimed of the defendant a specified sum of money as due on a writing as follows: "$3,900. Talladega Insurance Company, Talladega, Alabama, January 13, 1862. Mr. James A. Woodward has deposited in this office, with interest, thirty-nine hundred dollars to the credit of himself, payable on the return of this certificate, properly endorsed. James G. L. Huey, secretary."

The service of the summons was effected thus : " The defendant, its secretary and managing agent, hereby acknowledges legal service of the within summons and complaint, and waives copy ; also waives entry on appearance docket at spring term, 1866. April 17, 1866. James G. L. Huey, secretary." The judgment was by default, and recites that service was "proven to the satisfaction of the court."

The objections of the appellant may be embraced in two propositions : 1. The record does not show service of process on the defendant. 2. The cause of action did not authorize a judgment by default and without a writ of inquiry.

When process against a corporation is executed by the sheriff on one of its officers or agents, proof is necessary that the person served is an officer or agent upon whom it may be served.—*Cole v. Wetumpka and C. R. R. Co.*, 6 Ala. 655 ; *Lyon v. Lorant*, 3 Ala. 151. A summons to a corporation may be executed by the delivery of a copy of the summons and complaint to the president, or other head thereof, secretary, cashier or managing agent thereof.— Revised Code, § 2568. Acceptance of service of summons is usually an acknowledgment in writing of notice of the suit, and of the delivery of a copy of the summons and complaint. Can the president or other officer or agent above mentioned accept service ? The service upon him, though on account of his connection with the corporation, is, nevertheless, a personal act. It is notice to an individual of a proceeding against the body he represents, and his acceptance of service is nothing more than his declaration in writing that he has received such notice. Any one on whom service may be executed, may acknowledge that he has been served.

The proof of service, which was satisfactory to the court, must be held to include the facts that Huey signed the acceptance of service found on the summons and complaint, and that he professed to do so as the secretary of the corporation. That he was the secretary must be shown. Did this profession of his amount to such a showing ? The act of Huey in accepting service was not performed as the

agent of the company. He may have been without authority from it to do so, as would be almost invariably the employee, who may be served when the officers named are unknown or reside out of the State. —Revised Code, § 2569. Huey would undoubtedly be a competent witness to prove his agency.—Revised Code, § 2704. But his mere declaration that he was the secretary, not made at the time of transacting the business of his agency, and, perhaps, not within the scope of his authority, cannot be received to bind his principal.— *Williams v. Fitzpatrick, Governor*, 20 Ala. 791. The recital in the judgment entry that service was proven to the satisfaction of the court must, however, be construed to mean that evidence was introduced tending to show that Huey was the secretary of the company. It was the duty of the circuit court to have required such proof as was legal, and so much as was necessary, and we must suppose that the requisition was made. Every intendment must be made in favor of the judgment of a subordinate court which can consistently be made.—*Norwood & Chambers v. Riddle*, 1 Ala. 195; *Earbee et al. v. Ware*, 9 Port. 291. The like presumption must be indulged in reference to the entry of the case on the appearance docket. Such a supposition is only negatived by the waiver made by Huey on the summons.

The first count of the complaint is a special one, upon what may properly be termed a certificate of deposit bearing interest. It is upon a written instrument, the foundation of the suit, purporting to be signed by the defendant's agent, and must be received in evidence without proof of the execution, unless the execution thereof is denied by affidavit.—Rev. Code, § 2682. It ascertains the plaintiff's demand, and the judgment by default may be entered up by the clerk without the intervention of the jury.—Rev. Code, § 2770 ; *Ib.* p. 678, (form of plea of *non est factum*) ; *Alabama Coal Mining Company v. Brainard*, 35 Ala. 476. It was, in effect, a promissory note, payable on demand, and the commencement of the suit was a sufficient demand.—Story on Promissory Notes, §§ 29, 12. The requirement that the writing was to be returned properly

endorsed amounted to nothing, while it remained in the hands of the original holder.

The authority of this company to receive money on deposit was determined in the case of *Talladega Insurance Company v. Landers*, January term, 1869.

The judgment is affirmed.