## Henry Waldron v. Henry H. Harring.

*Promissory notes : Guaranty of collection : Statute construed.* Under our statute (*Comp. L.*, § *1564*) a guaranty of collection endorsed on a promissory note payable to bearer, may be sued by any subsequent holder in his own name, subject to any equities between the guarantor and the person to whom the guaranty was made.

*Statute construed : Remedial statute.* This statute, so far as any transfer of rights is concerned, does not change the rule adopted by the prior act (*Comp. L.*, § *5775*); the only difference between them being in dispensing with the necessity of allegations concerning the assignment, which are necessary in tracing title to paper not negotiable, and this relates to form and not to substance, and is purely remedial.

*Remedial statute : Existing contracts.* This statute, so far as it relates to the method and form of suing, may be applied as well to existing as to future contracts.

*Parties : Declaration : Amendment.* Under the prior act (*Comp. L.*, § *5775*) the holder of the note could have sued in his own name, but an allegation of the transfer of the cause of action would be required; but an amendment to cure such a defect in the declaration would be a matter of course.

*Submitted on briefs January 6. Decided January 13.*

Error to Hillsdale circuit.

*Knickerbocker & March,* for plaintiff in error.

*James S. Galloway* and *A. Dickerman,* for defendant in error.

CAMPBELL, J.

Plaintiff sued defendant upon a guaranty of collection upon a promissory note of one hundred dollars. The note

was made by William R. Bennett, dated December 12, 1868, and payable six months after date to I. M. Hotaling, or bearer, with use. Defendant Harring, being then the bearer, sold the note to one Mitchell on the 20th day of February, 1869, and endorsed thereon the following guaranty: " For value received I guarantee the collection of the within note. H. H. Harring, February 20, 1869." Plaintiff afterwards became bearer of the note, and having sued the maker and failed to collect it from him, brought the present action in his own name. against the guarantor.

The court below decided that the guaranty could not be sued by any but the first holder, and that plaintiff could not bring an action on it in his own name. No one can suppose, when a guaranty is given in the unrestricted form used here, that it was not intended to pass with the note, which was payable to bearer. The rules which prevent its negotiability, in the strict sense of that term, have never been supposed to interfere with its assignment. All personal claims of this sort are assignable, but at common law they were taken subject to equities, and could only be sued in the name of the first person receiving the guaranty, for the use of the real owner. But the real owner was always entitled to control and enforce them, and to use his assignor's name for that purpose.

By a statute passed in 1863 (*Comp. L.*, § *5775*), it was provided that the assignee of any chose in action not negotiable might sue and recover upon it in his own name, subject to any equities arising before notice of the assignment.

By an act taking effect in July, 1869, subsequent to the date of this guaranty (*Comp. L.*, § *1564*), it was provided that all guaranties of payment or collection of negotiable paper should themselves be negotiable and pass with such paper, but subject to any equities between the guarantor and the person to whom the guaranty was made, and that the holder might sue in his own name. The only difference between these statutes seem to be in dispensing with the

necessity of allegations concerning the assignment, which are necessary in tracing title to paper not negotiable; whereas, in suits on negotiable paper the title may be averred more briefly, and in such a case as this by a simple averment of such a delivery as would make one the legal bearer. So far as any transfer of rights is concerned, the last statute does not really make any new provision. It relates to form and not to substance, and is purely remedial.

The declaration does not set forth any assignment, but avers the guaranty to have been delivered to plaintiff. It was drawn under the statute of 1869. It would not have been sufficient under the statute of 1863, if the objection had been seasonably taken. The charge of the court and the objections taken on the trial do not seem to have rested on this ground, but on the ground that such a guaranty could not be transferred at all. If the defect in the declaration had been relied on as not showing an assignment, it would have been a matter of course to allow an amendment to introduce a proper averment.

If the statute of 1869 had any effect on the rights of parties, it could not be allowed to apply to existing contracts. But so far as it relates to the method and form of suing, there is no reason why it should not apply as well to existing as to future contracts. The law of 1863 was expressly made applicable to both, and it is doing no violence to the terms of the later statute to give it the same scope. As plaintiff could have sued in his own name on this guaranty if the law of 1869 had never been passed, its only effect in his case is to allow a simpler form for alleging his ownership in the paper. There is no rule of propriety or justice violated by such a change, and we think the intention of the legislature in the language they have used may be fairly carried out by applying it to existing rights. There is always difficulty in retaining different remedies for precisely similar rights, and it ought not to be required, unless the language of the statute will allow no other course.

. We think the rulings were erroneous under either statute, and the judgment must be ·reversed, with costs, and a new trial granted.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.