83  425
96  192

# Renfro Brothers *v.* Merchants & Mechanics' Bank.

*Action by Asssignee, on Certificate of Deposit.*

1. *Certificate of deposit as commercial paper.*—A certificate of deposit issued by a bank or banker, whose name is signed to it, payable to the

order of the depositor "on return of this certificate properly indorsed,": is, in legal effect, a promissory note; but it is not commercial paper under the statute (Code, §§ 2094, 2100), as being payable "at a bank, private banking-house, or certain place of payment therein designated," although the banker's name is also written or printed in the heading; and it is subject to defense, in the hands of an assignee, on account of any payment, set-off or discount, prior to notice of the assignment.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the Merchants & Mechanics' Bank, against Renfro Brothers as partners, and was founded on a certificate of deposit, issued by the defendants as bankers, which is copied in the opinion of the court. The defendants pleaded the general issue, payment and set-off; and though demurrers were interposed to the second and third pleas, the judgment-entry only recites that the cause was tried on issue joined. On the trial, the plaintiff excepted to a charge given by the court, as to the legal effect of the certificate of deposit; and this charge is here assigned as error.

A. & R. B. BARNES, for appellants.—The instrument sued on is not commercial paper under the statute, but is subject to the defense of payment, set-off, or other defense as against the maker, before notice of the assignment.—Code, §§ 2094, 2100. Such an instrument is due and payable from its date; it is subject to garnishment, and the statute of limitations begins to run from its date.—24 Amer. Rep. 610; 42 Amer. Dec. 574; 62 Ala. 70; 36 Mich. 494; *Miller v. Austin*, 13 How. 218; 18 Ill. 563; 19 Ill. 390; 7 Geo. 84; 14 Conn. 362; 2 Hill, N. Y. 295; 1 Iowa, 531; 6 Hill, N. Y. 299; 29 Cal. 503.

GEO. P. HARRISON, Jr., *contra.*—A certificate of deposit possesses all the requisites of a promissory note.—*Merchants' Bank v. State Bank*, 10 Wall. 648; *Insurance Co. v. Woodward*, 44 Ala. 289; *Miller v. Austin*, 13 How. 218, 228. Being a promissory note in legal effect, and payable at a bank or banking-house, as here, the certificate of deposit is governed by the commercial law.—Code, § 2094; *Winston v. Westfeldt*, 22 Ala. 760; *Maybury v. Morris*, 62 Ala. 113; *Poorman v. Wells*, 2 Amer. Rep. 451; *Pardee v. Fish*, 19 Amer. Rep. 176; *Klauber v. Biggerstaff*, 32 Amer. Rep. 773; *Warren County v. Marcy*, 97 U. S. 96; *Cass County*

[Renfro Brothers v. Merchants & Mechanics' Bank.]

*v. Gillett*, 100 U. S. 585; *Shute v. Nat. Bank*, 136 Mass. 487; *Bull v. First Nat. Bank*, 83 Ct. 62.

CLOPTON, J.—The action is brought by appellee, on a certificate of deposit in the following form:

"Certificate of deposit.     RENFRO BROS., Bankers,
            Opelika, Ala., August 6th, 1884.

"T. E. Ragland has deposited in this bank one hundred dollars, payable to the order of self, on return of this certificate properly indorsed;" which was signed, "RENFRO BROS."

The court charged the jury, that the paper sued on is negotiable, and governed by the law-merchant, and was neither subject to set-off by the makers, nor liable to garnishment at the instance of a creditor of the depositor, in the hands of the transferree for value before maturity, and without notice.

Though the bill of exception does not disclose any part of the evidence, the charge, having been actually given in reference to the particular paper, and excepted to as mistaking the law, is properly presented for revision.—*Tharp v. State*, 15 Ala. 749.

Though there are respectable authorities holding otherwise, it may be regarded as supported by the great weight of authority, that a certificate of deposit, possessing the essential elements—an acknowledgment of a present debt, and a promise to pay—is, in legal effect and operation, a promissory note.—*Miller v. Austen*, 13 How. 218; *Hunt v. Divine*, 37 Ill. 137; *Drake v. Markle*, 21 Ind. 433. A certificate of deposit may, or may not, be negotiable. Whether or not governed by the commercial law, depends upon the possession of the characteristics requisite to the negotiability of a promissory note, though these may be statutory. Under a statute of Indiana, which provided that "all promissory notes signed by any person who promises to pay money, or who acknowledges money to be due, shall be negotiable by indorsement thereon," it was held that a certificate of deposit was within the statute, and was negotiable.—*Drake v. Markle, supra*.

Section 2094 of the Code of 1876 provides: "Bills of exchange, and promissory notes payable in money, at a bank, or private banking-house, or at a certain place of payment therein designated, are governed by the commercial law." Therefore, whether the certificate of deposit is governed by the commercial law, depends on the question, whether it is

payable at a bank, or private banking-house, or at a certain place therein designated, in the meaning of the statute. In order that a promissory note may be brought under the influence of the statute—may be of the character entitling it to special protection, afforded by the law to commercial paper—the place of payment must appear on its face, or by a cotemporaneous memorandum made on the same paper. *Crossan v. May*, 68 Ind. 242. The place of payment must not be merely inferential, or an implication of law. While the place of the date of a note is inferentially the place of payment, such heading is not sufficient to impart the character of commercial paper. The heading of the certificate of deposit, with the names of the bankers by whom issued, and the city or town in which they do business, though payable on the return of the certificate, is not such naming of the place of payment as to relieve the makers, if they desire to claim a return of the certificate, from finding it out, and offering to pay it.—Morse on Banking, 65. Such naming is intended to identify the bankers by whom issued, and for the direction of the holder as to the place where they may be found. The purpose of the statute is to require the place of payment, whether at a bank, or private banking-house, or other place, to be designated with certainty, and not to leave it to inference or implication. To construe it otherwise, would impair the value of commercial paper.—*Hayden & Floyd v. Lehman, Durr & Co.*, at present term. The characteristics requisite to protection as commercial paper, should be definite and certain from the paper itself. The heading of the certificate is not a sufficient memorandum to bring it within the meaning of a note payable at either of the places prescribed by the statute, and the condition—"on return of this certificate when properly indorsed"—was intended to protect the makers against payment without an opportunity to take up the certificate, and as security against payment to a person not entitled to receive it, and operates to make it payable on demand.

The certificate of deposit, not being payable at a bank, or private banking-house, or certain place of payment therein designated, in the meaning of the statute, is subject to the operation of section 2100 of the Code, which provides: "All contracts and writings, except bills of exchange, and promissory notes payable in money at a bank or private banking-house, and paper issued to circulate as money, are subject to all payments, sets-off, and discounts, had or possessed

[Craven v. Higginbotham.]

against the same previous to notice of the assignment or transfer."

Reversed and remanded.