CHARLES E. EDGERLY *vs.* JOHN H. LAWSON & another.

Suffolk.    March 9, 1900. — September 8, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Action — Transferrer — Bona fide Holder before Maturity for Value — Guarantor — Indorser — Action in Name of Person to whom Promise is made.*

Even if it be true that a promissory note was transferred to the plaintiff after maturity and without consideration, for the purpose of bringing an action in this State, still he can maintain the action in the right of his transferrer, if the latter is a *bona fide* holder, before maturity, for value.

One who writes on the back of a promissory note, "I hereby guarantee the payment within note," is a guarantor and cannot be sued as an indorser. To maintain the action against him as guarantor it must be brought in the name of the person to whom the promise was made.

Whether St. 1897, c. 402, entitled "An Act relative to actions upon assigned claims," is applicable to this case, which is one of guaranty of payment of a

promissory note, the question not having been raised in the court below or in this court, and the statute having been passed subsequently to the guaranty and after the date of the writ, *quære.*

CONTRACT, upon a promissory note, dated November 4, 1893, payable January 1, 1896, with interest from July 1, 1895, to the order of Charlotte E. Edgerly, and signed by the first named defendant. On the back of the note was written : " We hereby guarantee the payment within note. Redding & Co." The note was also indorsed in blank by the payee. The plaintiff sued as holder. Writ dated January 15, 1896. The declaration contained four counts. The first was against the first named defendant as maker. The second was against the other defendants as indorsers. The third combined the first two counts. The fourth was on an account annexed.

At the trial in the Superior Court, before *Sheldon,* J., the plaintiff put in evidence the note and the report of an auditor in his favor, and rested. The defendant thereupon asked the court to rule that on the auditor's report the plaintiff was not entitled to a verdict. The court refused so to rule ; and, by consent of parties, instructed the jury to return a verdict for the plaintiff on the first three counts, for $610.50. The defendants alleged exceptions to the refusal of the court to rule as above stated. The nature of the auditor's report appears in the opinion.

*G. N. Harris,* for the defendants.

*G. C. Abbott,* for the plaintiff.

LATHROP, J. The auditor has found that the payee of the note was a copartner in the firm of Redding and Company, in the business of manufacturing and selling an article known as Redding's Russia Salve ; that the note declared on was given in part payment for the payee's interest in the firm, and that she at the same time assigned all her interest in the business to the first named defendant, who signed the note as maker, and that he afterwards assigned said interest to the other defendants without consideration, except the indorsement of the note declared on and other notes given at the same time and as part of the same transaction.

The auditor further finds that the interest of the payee in the business passed from her to Lawson on the delivery of the notes

above referred to, and $6,000 in money given as a part of the consideration of said transfer. Lawson does not appear to have been a partner in the firm.

1. The defendants first contend that there was no evidence that the person who transferred the note to the plaintiff was a *bona fide* holder for value. It appears from the auditor's report that he found that this person was a *bona fide* holder for value before maturity. The auditor has not reported the evidence; and it cannot be said that his finding was wrong. So far as the plaintiff is concerned, if it be true, as the defendants contended before the auditor, that the note was transferred to him after maturity and without consideration, for the purpose of bringing an action in this State, still he can maintain the action in the right of his transferrer, who has been found by the auditor to be a *bona fide* holder, before maturity, for value. *Spofford* v. *Norton,* 126 Mass. 533. *Regina Flour Mill Co.* v. *Holmes,* 156 Mass. 11. See also *Roberts* v. *Lane,* 64 Maine, 108. So far as the defendant Lawson is concerned we see no reason why he is not liable.

2. As to the guarantors, a more serious question arises. They are sued as indorsers of the note, and it is clear under our decisions that they are not indorsers but guarantors. It is also clear that a guarantee is here considered a non-negotiable chose in action, although written by a third person upon the back of a negotiable promissory note. *Taylor* v. *Binney,* 7 Mass. 479. *Upham* v. *Prince,* 12 Mass. 14. *True* v. *Fuller,* 21 Pick. 140. *Tuttle* v. *Bartholomew,* 12 Met. 452. *Belcher* v. *Smith,* 7 Cush. 482. See also *Baldwin* v. *Dow,* 130 Mass. 416.

To maintain the action against the guarantors at common law, the plaintiff must sue in the name of the person to whom the promise was made, namely, Mrs. Edgerly.

We express no opinion upon the question whether the St. of 1897, c. 402, entitled " An Act relative to actions upon assigned claims," is applicable to this case, as this question was not raised in the court below or in this court. The statute was passed subsequently to the guaranty, and after the date of the writ. See *Waldron* v. *Harring,* 28 Mich. 493.

The result is that, as to the defendant Lawson, the exceptions are overruled; and that the exceptions of the other defendants are sustained.                     *So ordered.*