# Henderson *v.* Jackson Woolen Mills.

## *Assumpsit.*

(Decided January 23, 1913.  60 South. 965.)

1. *Judgment; Construction; Recitals.*—A judgment reciting that the defendant had been duly summoned and called but came not, imports a finding by the court that service of process had been made upon him.

2. *Same; Showing; Jurisdiction.*—It was not essential to the validity of a default judgment reciting that defendant was duly summoned that the record should set out the evidence on which a finding to this effect was based.

3. *Appeal and Error; Review; Presumption.*—Where the default judgment recites that defendant was duly summoned, it will be presumed on appeal that sufficient evidence was produced to show service and return by one vested with authority, although the return was made by J. E. D., deputy sheriff, while the summons and complaint bore an endorsement that the sheriff deputized Ed D. to make the service, and there was no evidence indicating that Ed D. and J. E. D. were the same person.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Assumpsit by the Jackson Woolen Mills against H. C. Henderson. Judgment for plaintiff by default and plaintiff appeals. Affirmed.

BLACKWELL & AGEE, and W. J. BROCK, for appellant. While courts take judicial knowledge of officers commissioned by the state, they do not take judicial knowledge of deputy sheriffs.—*Russell v. Huntsville Co.,* 137 Ala. 631; *Ryan v. Young,* 147 Ala. 669; *Land v. Patterson,* Minor 14; 7 Enc. of Evi. 980. The summons then, does not appear to have been served by one having authority.—*Slaughter v. Barnes,* 13 Am. Dec. 190; 16 Cyc. 914. There is nothing in the record to indicate that the person exercising the authority was the person designated to exercise it, and there is no presumption that they were the same.—*People v. Smith,* 45 N. Y. 722, The judgment does not purport to find the fact that defendant was duly summoned.

RUTHERFORD LAPSLEY, for appellee. The return imports verity and the burden of showing the falsity rests on the party assailing it.—*Dunklin v. Wilson,* 64 Ala. 162; *Paul v. Malone,* 87 Ala. 544. The sheriff may appoint a deputy to execute process.—*Miller v. McMillan,* 4 Ala. 527. The judgment recital shows service, and it is not necessary that the evidence be set out which authorized such finding.

WALKER, P. J.—It is urged in behalf of the appellant that the record fails to show that the court had acquired jurisdiction of the defendant's person so as to be entitled to render the judgment by default against him from which the appeal is prosecuted. The claim is that the indorsements found on the summons and complaint, showing that the sheriff deputized Ed Doyal to execute the writ, and a return, purporting to show service, signed in the name of the sheriff "by J. E. Doyal, Deputy Sheriff," do not, in the absence of proof of the fact that Ed Doyal and J. E. Doyal were one

[Henderson v. Jackson Woolen Mills.]

and the same person and that the signature to the return was his, show that the process was served by a person who was legally authorized to execute it.

The judgment appealed from contains the following recital: "Comes the plaintiff by attorney, and the defendant having been duly summoned and called came not, but made default, and, on motion of the plaintiff, after due and legal proof shown, it is ordered and adjudged," etc. It is to be noted that this recital included the statement that the defendant had been summoned. We think that this imports a finding by the court of the fact that service of process had been made upon the defendant.

It appearing from the recitals of the judgment entry that such finding was made by the court it is not essential to the validity of the judgment that the record set out the evidence by which that finding was supported.—*Barbe v. Ware*, 9 Port. 291; *Talladega Insurance Co. v. Woodward*, 44 Ala. 287. The record in the first-cited case contained what purported to be an acknowledgment by the defendants of service of process in the suit, but did not set out the proof of the genuineness of the signatures to such acknowledgment. The judgment entry, however, recited that the plaintiff came by his attorney, "and proved to the court the service of process herein." In disposing of the suggestion that service of process upon the defendants did not appear from the record to have been proved, the court said: "It has been repeatedly decided by this, and all other appellate courts, that every fair presumption should be made in favor of the proceedings of courts having a general jurisdiction over the subject-matter adjudged. This rule applies as well to the case before us as if the service of process had been effected by the sheriff, or other executive officer of the law. The ac-

[Henderson v. Jackson Woolen Mills.]

knowledgment of service, being legal, must be quite as effectual for all purposes as if made in the usual manner. With this rule in view, let us for a moment examine the proof of service afforded by the record. It is stated that the plaintiff came by his attorney, 'and proved to the court the service of process herein.' How did he prove it? As to the manner and quantum of proof, the record is entirely silent; yet as it was the duty of the circuit court to have required such proof as was legal, and so much as was necessary, we must suppose that the duty enjoined upon that court was performed according to law."

On similar considerations we think it may be said of the record in the case at bar that as it shows, in addition to the return of service of the summons and complaint purporting to have been made by one acting as a deputy of the sheriff, that the court, before proceeding to enter the judgment by default, made the finding that the defendant had been duly summoned, it is to be presumed that the requisite evidence was adduced to support such a finding—in other words, that the court did not proceed to enter the judgment without proper proof that the service and the return of it were made by one who had been duly vested with authority in that regard. It follows that the judgment appealed from cannot be reversed because of the failure of the record to set out the evidence going to prove that the service indorsed on the summons and complaint as having been made by J. E. Doyal as the deputy of the sheriff was made by the person who, by the name of Ed Doyal, had been deputized by the sheriff to execute the process.

Affirmed.