(94 South. 112)

### FIRST NAT. BANK OF ABBEVILLE v. CAPPS. (4 Div. 958.)

(Supreme Court of Alabama. May 4, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Bills and notes ☞405—Commencement of suit on certificate of deposit sufficient demand for its payment.**

The commencement of a suit on a certificate of deposit after maturity was a sufficient demand for its payment.

2. **Bills and notes ☞469—In action on certificate of deposit payable on return of certificate properly indorsed, plaintiff was not required to allege and prove presentment of indorsed certificate to bank.**

In action on certificate of deposit, payable to the order of a named person "on the return of this certificate properly indorsed," plaintiff was not required to aver and prove that before commencement of the suit the instrument was returned and indorsed by such person or his executor and presented to the bank, the failure to present the certificate properly indorsed to the bank being a matter of defense.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Action by J. T. Capps, as executor, against the First National Bank of Abbeville. From a judgment for plaintiff, defendant appeals. Affirmed.

Lee & Tompkins and T. M. Espy, all of Dothan, R. W. Miller, of Abbeville, and Steiner, Crum & Weil, of Montgomery, for appellant.

The complaint was demurrable in failing to allege that the certificate sued on was properly indorsed when demand was made for payment. 206 Ala. 394, 90 South. 340; 126 Ala. 535, 28 South. 517; 7 Ala. 475; 33 Minn. 399, 23 N. W. 552; 40 Vt. 380; 128 Iowa, 275, 103 N. W. 777: 193 Ala. 246, 69 South. 432. For further brief of counsel, see First National Bank of Abbeville v. Capps, ante, p. 207, 94 South. 109.

W. O. Mulkey, of Geneva, Reid & Doster, of Dothan, and W. O. Long, of Abbeville, for appellee.

The payee of the certificate is entitled to receive payment, whether he indorses it or not. 108 Ga. 357, 33 S. E. 985, 75 Am. St. Rep. 53; 83 Ala. 425, 3 South. 776; 45 Ohio St. 39, 11 N. E. 799, 4 Am. St. Rep. 526; 30 Minn. 86, 14 N. W. 363. For further brief of counsel, see First National Bank of Abbeville v. Capps, ante, p. 207, 94 South. 109.

MILLER, J. J. T. Capps, as executor of the estate of M. V. Capps, deceased, sues the First National Bank of Abbeville, a corporation, for $61,112 due from defendant to plaintiff's intestate by this instrument:

"$61,112.00. Abbeville, Ala., April 21, 1920.

"This certifies that M. V. Capps has deposited with the First National Bank of Abbeville sixty-one thousand one hundred twelve dollars in current funds, payable to the order of M. V. Capps on the return of this certificate properly indorsed twelve months after date with interest at six per cent. per annum.

"[Signed] Robert Newman, Cashier.

"No interest after maturity.

"Certificate of deposit not subject to check."

Plaintiff avers also in the first count that it is due and, "although demand has been made for the payment thereof, still remains unpaid." Count 2 claims of the defendant the same sum for money loaned by plaintiff's testator to the defendant on April 21, 1920, due and payable April 21, 1921, with interest, and avers it is still unpaid, although payment has been demanded and refused before this suit was filed, and that this loan was made upon the certificate set out in count 1. Demurrers of the defendant to each count of the complaint were overruled by the court, and these rulings of the court are assigned as errors by the defendant.

This instrument sued on was in form a certificate of deposit issued by the defendant, a bank, to plaintiff's testator, promising to pay the certain amount deposited, viz. $61,-112, on a certain day, 12 months after date —dated April 21, 1920, due April 21, 1921, with interest from date. This instrument in legal effect was a negotiable promissory note made by the defendant for money loaned, payable to plaintiff's testator, from whom the money was borrowed.

This court in Elmore County Bank v. Avant, 189 Ala. 425, 66 South. 511, wrote:

"It issued a certificate of deposit, by which it agreed to pay interest thereon. Such certificates are in effect negotiable promissory notes."

"In this case a certificate of deposit was issued by the bank, promising to pay, on a certain date, with interest. This was a negotiable note, commercial paper, just the same as the note here sued on."

In Renfro Bros. v. Merchants' & Mechanics' Bank, 83 Ala. 427, 3 South. 776, this court said:

"Though there are respectable authorities holding otherwise, it may be regarded as supported by the great weight of authority, that a certificate of deposit, possessing the essential elements—an acknowledgment of a present debt and a promise to pay—is, in legal effect and operation, a promissory note."

[1] The suit was commenced on May 26, 1921, after the maturity of the instrument; each count avers a demand for its payment was made and payment was refused. The averments of a demand and refusal to pay in the complaint before the suit was commenced were not essential under this instrument. The commencement of the suit on it was a sufficient demand for its payment. Talladega Ins. Co. v. Woodward, 44 Ala. 287.

[2] These words in this instrument: "Payable to the order of M. V. Capps on the return of this certificate properly indorsed," did not require the plaintiff to aver and prove that before suit was commenced the instrument was returned and indorsed by M. V. Capps or his executor and presented to the bank. This was not necessary. The instrument is in the hands of the original payee's executor. This writing being in effect a promissory note, in the hands of the original payee, or his legal representative, the plaintiff, a return of the paper and an indorsement thereof by him before filing suit thereon are not necessary to be averred in the complaint. This court has in Talladega Ins. Co. v. Woodward, 44 Ala. 289, thus declared itself on an instrument sued on almost in the language of this one:

"The first count of the complaint is a special one, upon what may properly be termed a certificate of deposit bearing interest. * * * It was, in effect, a promissory note, payable on demand, and the commencement of the suit was a sufficient demand. * * * The requirement that the writing was to be returned properly indorsed amounted to nothing, while it remained in the hands of the original holder."

In Renfro v. Bank, 83 Ala. 425, 3 South. 776, this court said:

"The condition—'on return of this certificate when properly indorsed'—was intended to protect the makers against payment without an opportunity to take up the certificate, and as security against payment to a person not entitled to receive it, and operates to make it payable on demand."

This condition presents defensive matter for the protection of the defendant, which may be set up by proper plea, when necessary.

Each count in the complaint states a cause of action. Neither was subject to the grounds of demurrer assigned. The demurrers were properly overruled by the court to counts 1 and 2 of the complaint. Talladega Ins. Co. v. Woodward, 44 Ala. 287; Renfro Bros. v. Merchants' & Mechanics' Bank, 83 Ala. 425, 3 South. 776; Elmore County Bank v. Avant, 189 Ala. 418, 66 South. 509.

The defendant pleaded general issue and special plea of set-off numbered 8, claiming $107,779.94 due defendant by plaintiff. Plaintiff's demurrers to plea 8—set off—were sustained by the court. This ruling of the court is assigned as error by the defendant. A plea similar to this plea numbered 8, and the same demurrers assigned to it, were fully discussed and carefully considered by this court between the same parties in the case of First National Bank of Abbeville v. J. T. Capps, Executor, 94 South. 109.[1] The opinion and discussion in that case fully determines and settles the questions in this case raised by the demurrers to plea 8; and under the authority of that case the court did not err in sustaining the demurrers of plaintiff to this plea.

Finding no error in the record, the judgment is affirmed.

Affirmed.

All the Justices concur.

---

[1] Ante, p. 207.