(130 So. 196)

## BUCHMANN v. TURNER.

6 Div. 683.

Supreme Court of Alabama.

Oct. 9, 1930.

A. A. Griffith, of Cullman, for appellant.

564

W. E. James, of Cullman, for appellee.

GARDNER, J.

Plaintiff sued defendant as executrix of the estate of Fred J. Buchmann, deceased, for recovery of $780.75 due by account, and recovered a judgment in the sum of $195, from which defendant prosecutes this appeal.

The complaint contained the simple count for money due by account, was in Code form, and sufficient. Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853. The statute of nonclaim has been treated and considered as defensive matter. McDougald's Adm'r v. Dawson's Ex'r, 30 Ala. 553; Pipkin v. Hewlett, 17 Ala. 291; Malone v. Hundley, 52 Ala. 147.

The case of Smith v. Fellows, 58 Ala. 467, cited by counsel, relates to the question of sufficient presentation of a claim akin to that considered in the more recent case of Metcalf v. Payne, 214 Ala. 81, 106 So. 496.

In Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, and Page v. Bartlett, 101 Ala. 193, 13 So. 768, the court discussed the sufficiency of presentation of claims against estates by suits, and the insufficiency in this respect appeared upon the face of the bills there considered. These authorities are without application to the instant case. The demurrer was properly overruled.

That plaintiff's claim against the estate was duly and within ample time filed in the probate office is uncontroverted. It consisted of several items. Sixty dollars of the claim was for cash paid and material furnished at request of decedent, the correctness of which does not appear to have been challenged. The major item of $720 was a claim growing out of a contract of hire for one year.

The court permitted, over defendant's objection, the plaintiff to amend the claim in the particular as to the date of the beginning and ending of the contract, and this action of the court constitutes assignments of error 2 and 3. The cause of action was not changed, and no new item added, but merely a change in the descriptive dates of the contract out of which the claim arose. The current of authorities is to the effect that under the general statutes relating to amendment of pleadings an amendment of the character here presented is permissible. 24 Corpus Juris, pp. 354, 355. Among the authorities cited in the notes, that of Wise v. Outtrim, 139 Iowa, 192, 117 N. W. 264, 130 Am. St. Rep. 301, is more directly in point, and fully supports the conclusion here reached that the court committed no error in allowing the amendment of the claim.

This conclusion is likewise in harmony with the 'liberality of treatment accorded creditors of estates illustrated in Flinn, Adm'r, v. Shackleford, 42 Ala. 202, and in the provisions of section 5818, Code 1923, for the amendment of the affidavits to claim at any time. These assignments are therefore without merit.

The argument in support of the remaining assignments of error rests upon the action of the court in the refusal of the general affirmative charge requested by defendant.

Defendant insists there could be no recovery on common counts as to this item for the full contract term, as confessedly the work was not performed and decedent died some few months from the making of the contract, which was for personal service, and that, therefore, as a part of the contract there was an implied condition that death should dissolve it, citing 6 R. C. L. p. 1009. But this question we need not consider, as it is not presented by the refusal of the general charge. This for the reason there were other items in the account wholly aside from the labor contract which plaintiff's evidence tended to show were due, and as to which the jury was authorized to return a verdict in his favor. For this reason, therefore, without regard to any other, the general affirmative charge was properly refused.

The case of Cochran v. Kimbrough, 157 Ala. 454, 47 So. 709, fully supports this conclusion, if indeed authority were necessary for so self evident a proposition.

We have considered the several assignments of error argued in brief for appellant and find no error to reverse.

The judgment of the court below will therefore be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.