141 So. 686

## CAIN, WOLCOTT & RANKIN v. FIREMEN'S FUND INS. CO.

8 Div. 347.

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

Tennis Tidwell, of Decatur, for appellant.

Almon & Almon, of Decatur, for appellee.

BROWN, J.

This is an action of assumpsit brought by appellee against the appellant, a corporation. The defendant failing to appear, judgment by default was rendered against it from which it prosecutes this appeal.

The return of the sheriff on the summons and complaint is as follows: "I have executed the within by leaving a copy of the same with Marvin Rankin of firm of Cain, Wolcott & Rankin, this 27 day of April, 1931. A. W. Davis, Sheriff, E. R. Britnell, Deputy Sheriff."

The recital of the judgment entry as to service is: "Came the plaintiff by attorney into open court, and the defendant being called, came not, but made default. And it appearing to the satisfaction of the Court that the defendant has had due and legal notice of

this suit by a copy of the summons and complaint in this cause being served *upon Marvin Rankin, of the firm of Cain, Wolcott & Rankin*, by the sheriff of this County on the 27th day of April, 1931, and said defendant having failed to appear and plead, answer or demur to the said complaint," etc. (Italics supplied.)

The law is settled that, to sustain a judgment by default against a corporation on direct attack by appeal, the return of the officer serving the process must show affirmatively that the person served was an officer or agent of the corporation upon whom service is authorized by the statute, or, if this fact does not appear on the face of the return, proof must be made to the court that the person served was such officer or agent of the defendant at the time of service. Code 1923, § 9421; Palatine Insurance Co. v. Hill et al., 219 Ala. 123, 121 So. 412.

The statement in the sheriff's return, "of the firm of Cain, Wolcott & Rankin," following the name of Marvin Rankin, was merely descriptio personæ (H. H. Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 So. 807), and was not a compliance with the statute that makes the return prima facie evidence of the agency of the person served, so as to render unnecessary further proof. And the recitals of the judgment do not aid the return by showing that proof was made that Rankin was such agent.

The question involved in Dunklin v. Wilson, 64 Ala. 162, was the fact of service, and not the sufficiency of the return. Moreover, the question was raised on collateral attack, in which the return is accorded absolute verity. Roman v. Morgan, 162 Ala. 133, 50 So. 273.

In Henderson v. Jackson Woolen Mills, 7 Ala. App. 199, 60 So. 965, the point at issue was the identity of the person who signed the return in the name of the sheriff, as deputy, with the person who was deputized by the sheriff to serve the same, and not the sufficiency of the return. The holding there was, that the recital in the judgment of the court, which did not show what proof was offered, when aided by the presumption of its correctness, was sufficient to sustain the judgment.

The recital in the instant case shows no more than that the service was on Marvin Rankin of the firm of Cain, Wolcott & Rankin, but does not show that Marvin Rankin was the agent of the defendant.

We are therefore of opinion that the judgment of the circuit court was affected with error, and must be reversed. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.