151 So. 877

**O'NEAL et al. v. PEADEN.**

4 Div. 739.

Supreme Court of Alabama.
Dec. 21, 1933.

22

Powell, Albritton & Albritton, of Andalusia, for appellants.

BROWN, Justice.

Action of assumpsit by the appellee against the appellants to recover the amount of an indebtedness due to the appellee from the Andalusia National Bank, evidenced by a certificate of deposit in words and figures as follows:

"The Andalusia National Bank No/103
"Andalusia, Ala.          October 23rd, 1931

"Mrs. Nela Peaden has deposited in this bank Ten Thousand and no/100 Dollars $10,-000.00 Payable to the order of herself twelve months after date on the return of this certificate properly endorsed. Interest at rate of 4%, payable quarterly.

"D. E. Fletcher, Vice-President, Cashier."

On the back of said certificate was the following writing: "We hereby guarantee payment of this certificate at maturity." This was signed by C. S. O'Neal, the intestate of the defendant Dudley L. O'Neal, sued as the administrator of C. S. O'Neal, deceased, and the defendants R. N. McLeod, C. A. O'Neal, L. M. Milligan, and T. E. Henderson.

The complaint, filed February 28, 1933, consisting of a single count, which, after averring that said certificate was issued by said Andalusia National Bank, on the 23d of October, 1931, setting out the certificate and the writing on the back thereof, with the signatures thereto appended, avers "that said amount as evidenced by said certificate, together with the interest thereon, as provided

E. O. Baldwin, of Andalusia, and Watson & Pasco & Brown, of Pensacola, Fla., for appellee.

therein, was not paid at maturity, and that said amount, together with interest as provided therein, is still due and unpaid."

Appellants' first contention, presented on the trial by appropriate demurrer filed separately by each of them, is that the parties who signed on the back of the certificate of deposit, signed as indorsers, and an averment of presentment to the payor on the due date, its failure or refusal to pay, and due notice of such default, is essential to the statement of a cause of action against them.

In support of this contention, section 9089 of the Code of 1923 (section 63 of the N. I. L.), section 9210 of the Code (section 192, N. I. L.), and Jaronko v. Czerwinski et al., 117 Conn. 15, 166 A. 388, are cited.

Section 9089 provides that "a person placing his signature upon an instrument otherwise than as a maker, drawer, or acceptor is deemed to be an indorser, *unless he clearly indicates by appropriate words his intention to be bound in some other capacity.*" (Italics supplied.)

And section 9210 provides, "The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, *is absolutely required to pay the same.* All other parties are 'secondarily' liable." (Italics supplied.)

There can be no question but what the Andalusia National Bank was the principal obligor, and, under the provisions of section 9210, was primarily liable; that the signers of the stipulation on the back of the certificate were either guarantors or indorsers.

If guarantors, the guaranty is an absolute guaranty of payment, and the guarantors were not entitled to notice of the principal's default, in the absence of express stipulation therefor.

[■] It is well settled in this jurisdiction, in consonance with the great weight of authority, that where the guaranty is absolute in terms and for the performance of a specific act at a fixed period, liability of the guarantor becomes fixed on default of the principal, and the guarantor must take notice of the principal's default, unless notice is stipulated for in the contract. Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Leftkovitz v. First National Bank of Gadsden, 152 Ala. 521, 44 So. 613, 617; Baskett Lumber & Mfg. Co. v. Gravlee et al., 15 Ala. App. 359, 73 So. 291; Crawford et al. v. Chattanooga Savings Bank, 203 Ala. 133, 82 So. 163; Jaronko v. Czerwinski, 117 Conn. 15, 166 A. 388, 389.

"In such cases, no demand is necessary upon the principal debtor, and nothing of a preliminary nature on the part of the creditor is required by law to perfect his rights. It becomes the duty of the guarantor, in such cases, to see that his principal pays the debt at the time stipulated." Leftkovitz v. First

National Bank of Gadsden, 152 Ala. 521, 527, 44 So. 613, 615; First National Bank of Abbeville v. Capps, 208 Ala. 235, 94 So. 112.

[■] There is nothing on the face of the obligation pleaded, or in the facts alleged in the complaint, that develops any ambiguity in the obligation, or that would justify the conclusion that the parties thereto undertook otherwise than as absolute guarantors. Beardsley v. Hawes, 71 Conn. 39, 40 A. 1043; Edgerly v. Lawson, 176 Mass. 551, 57 N. E. 1020, 51 L. R. A. 432; Noble v. Beeman-Spaulding-Woodward Co., 65 Or. 93, 131 P. 1006, 46 L. R. A. (N. S.) 162; Conn v. Atkinson, 227 Ky. 594, 13 S.W.(2d) 759.

The verbiage of the obligation, written on the back of a promissory note, and signed by some of the parties, considered in Jaronko v. Czerwinski et al., supra, was: "For value received I hereby waive demand, protest and notice of protest and non-payment of this note, and guarantee payment of the same, notwithstanding any extensions of time that may be granted the maker in making payments, and I agree also to pay attorney's fees for collection or any other fees, charges and expenses that said The Polish Investment and Loan Co., Inc., may be put to in order to effect collection. Endorsements," etc.

The action was by one of the signers of the stated obligation, who had been compelled to pay a judgment recovered on the note, against the principal and the other signers of the secondary obligation, and was presented on the facts going to show an irregular indorsement. In disposing of the case on appeal, it was observed: "The only language in the printed form signed by the parties which might be taken as evidencing an intention to be bound in any other capacity than as indorsers is, 'I hereby * * * guarantee payment,' but this may as well have been used as the equivalent of engaging that on due presentment the note shall be accepted or paid, and, if it be dishonored, the signer will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay—which is the undertaking of an indorser. General Statutes, § 4383. The waiver of demand, protest, and notice is not inconsistent with the liability as indorser. Mere guarantors are not entitled to such notice. 2 Daniel, Neg. Inst. (6th Ed.) § 1754. Signers of a guaranty of payment with a waiver of presentment, protest, and notice of dishonor have been held in numerous cases to be indorsers with an enlarged liability. [Citing cases.] The liability of a guarantor differs from that of an *indorser*, in that the *latter* contracts to be liable only upon condition of presentment on the exact day of maturity and due notice of dishonor, and is discharged by failure in either particular, although he may suffer no actual damage, while a guarantor is bound to pay the amount up-

24

on presentment made and notice to him of dishonor within a reasonable time. Also, in the event of failure to make presentment and give notice within such reasonable time, the guarantor is not· entirely discharged from liability but only to the extent that he may have sustained loss or injury by the delay. * * * The terms of the undertaking signed by the present parties do not indicate otherwise than that the predominant intent was to assume the obligations incident to an ordinary indorsement. The situation was quite different in Beardsley v. Hawes, 71 Conn. 39, 40, 40 A. 1043, where the defendant's contract was clearly and only one of guaranty, as also was the case in Edgerly v. Lawson, 176 Mass. 551, 57 N. E. 1020, 51 L. R. A. 432." (Italics supplied.)

In Beardsley v. Hawes, supra, the verbiage of the obligation was: "We sign the above note for security for payment thereof, which we hereby guaranty for a valuable consideration received."

See Carothers v. Callahan et al., 207 Ala. 611, 93 So. 569.

This suit is against the guarantors only, and the question as to whether or not the liability is primary or secondary is not material. The terms "primarily liable" and "secondarily liable" as used in the statute have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. 2 Daniel on Neg. Inst..(6th Ed.), page 1976, § 1753.

The appellant Dudley L. O'Neal, who is sued in his representative capacity, insists that the complaint fails to state a cause of action against him, because it is not averred in the complaint that his intestate is deceased, or when and by what court he was appointed as the administrator of his intestate's estate.

■ While it has been held in proceedings in equity, that the rules of good pleading require such averments, and the want of them· may be grounds for demurrer, they are not essential to the statement of an equitable cause of action. Sibley et al. v. Hutchison, 218 Ala. 440, 118 So. 638.

But in an action at law it is sufficient to describe the defendant in the caption of the complaint as the administrator of the intestate, and unless the capacity in which the defendant is sued is put in issue by special plea, the plea of the general issue admits that the defendant is properly sued in his capacity as the administrator of the estate, and renders proof thereof unnecessary. Espalla v. Richard & Sons, 94 Ala. 159, 10 So. 137; Buchmann v. Turner, 221 Ala. 563, 130 So. 196.

■ The instrument sued on was a negotiable paper, governed by the uniform negotiable instrument law, and the insistence that it was incumbent on the plaintiff to allege and prove that suit was brought against the defendants at the first term to which suit could be brought, and the authorities cited in support thereof are inapposite. First National Bank of Abbeville v. Capps, 208 Ala. 235, 94 So. 112.

Our judgment is that the demurrers to the complaint were not well taken, and were overruled without error.

The principles above· stated justified the circuit court in sustaining the plaintiff's demurrers to defendants' special pleas 4, 5, and 6.

■ The failure to comply with the statute of nonclaim is defensive matter which must be specially pleaded. Buchmann v. Turner, supra.

The evidence was sufficient to sustain the averments of the complaint, and justified the rendition of a judgment against the defendants. Espalla v. Richard & Sons, supra.

There is no error in the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.