## Case No. 4,129.

### DUNBAR v. BROWN.

[4 McLean, 166.][1]

Circuit Court, D. Ohio. July Term, 1846.

GUARANTY OF DEBT—DEFAULT—NOTICE TO GUARANTOR.

1. Where a debt guaranteed is not paid, notice to the guarantor must be given in a reasonable time.

2. The same strictness is not required in such a case, as to charge the indorser on a bill or promissory note.

3. Nothing can excuse the want of notice, but the insolvency of the debtor.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[This was an action at law by Dunbar, Brooke & Dunning against Samuel H. Brown.]

Ewing & Ewing, for plaintiffs.
Mr. Stanbery, for defendant.

OPINION OF THE COURT. This action is brought against the defendant as guarantor. Samuel Cochran, a witness, states that E. C. Brown, brother of the defendant, purchased goods of the plaintiffs in Philadelphia, amounting to the sum of seventeen hundred and thirty dollars and seventy-six cents; for which he gave his note, payable in six months. That the goods were purchased solely on the credit of the defendant, who guaranteed the payment of them. The understanding between the plaintiffs and the guarantor was, that the payment might be made in twelve or eighteen months; the witnesses, as to the time, do not agree. No demand was made of E. C. Brown until three months after the expiration of the year, at which time he proposed to give property in security for payment. In the ensuing May, 1842, the defendant admitted that a notice had been given to him that the note was not paid, and that they looked to the guarantor for payment. At what time this notice was served does not appear. Shortly after April, 1842, or about the time, E. C. Brown became insolvent.

THE COURT instructed the jury, that in a reasonable time after the note became payable, it was the duty of the plaintiffs to demand the payment of the same from E. C. Brown, and give notice to the defendant that it was not paid. That the same strictness in making demand of payment and giving notice to the guarantor was not required, as was necessary to charge an indorser on a bill or promissory note. But that nothing could excuse the want of demand and notice, but the insolvency of E. C. Brown. If the jury shall find that the guarantor was to pay the bill for the goods in twelve months, still it would seem that the demand of payment should have been made of E. C. Brown when the note became due, and a notice of non-payment given to the defendant. If the guaranty was, that the payment by E. C. Brown should be made in eighteen months, contrary to the face of the note, and the payment at that time was guaranteed by the defendant, at the expiration of that time, a notice was indispensable.

The jury found for the defendant.

---

DUNBAR (ESTABROOK v.). See Case No. 4,535.

DUNBAR (GOODYEAR v.). See Case No. 5.570.