THE SECOND NATIONAL BANK OF ROCKFORD v. GAYLORD.

Promissory note: GUARANTOR: DEMAND AND NOTICE. A guarantor of a promissory note will not be discharged from liability by mere failure on the part of the holder to give him notice of non-payment, unless the delay in giving such notice has been so long as to raise a presumption of payment or waiver, or unless he can show that he has suffered loss in consequence of the delay.

*Appeal from Buchanan Circuit Court.*

THURSDAY, JUNE 13.

THE facts sufficiently appear in the opinion.

DAY, J. — On the 12th day of January, 1867, Thomas T. Webster made his promissory note for $500, payable to the order of defendant, E. S. Gaylord, who at the same time wrote upon the back of the note a guarantee as follows: " For value received, I hereby guarantee the payment of the within.

"E. S. GAYLORD."

Prior to the maturity of the note, in due course of business, the plaintiff became possessed thereof.

The note not being paid, the plaintiff brought his action thereon, in the Buchanan circuit court, against the defendant, on his guarantee. The defendant relied upon the want of notice of non-payment of the note by the maker. The cause was tried by the court, and the following finding was rendered:

" That no notice of non-payment of said note had been given to defendant, E. S. Gaylord, as required by law; that it was the duty of the plaintiff to prove that notice had been given said defendant of the non-payment of said note by the maker, in order to charge the defendant, according to the rules of the commercial law." Judgment for defendant. Plaintiff appeals. The guarantor herein is the payee of the note, and is not governed by the provisions of sections 1800 and 1801 of the Revision. The *mere failure* to give notice of non-payment to a guarantor, does not discharge him from liability. The guarantor is entitled to notice, but cannot defend himself for want of it, unless the notice has been so long delayed as to raise a presumption of payment or waiver, or unless he can show that he has lost, by the delay, opportunities for obtain-

ing securities, which a notice, or an earlier notice, would have secured him. 2 Pars. on Cont. 29. Citing *Allen* v. *Rightmere*, 20 Johns. 366; *Douglass* v. *Howland*, 24 Wend. 35; *Fanowers* v. *Respess*, 11 Ired. L. 170; *Woodstock Bank* v. *Downer*, 1 Wms. 539; *Yancy* v. *Brown*, 3 Sneed, 89; *Dowley* v. *Camp*, 22 Ala. 659; *Louisville Manufacturing Co.* v. *Welsh*, 10 How. 461; *Dunbar* v. *Brown*, 4 McLean, 166; *Farmers and Mechanics' Bank* v. *Hercheval*, 2 Mich. 504. If the principal fails to pay when he should, the guarantor must be informed in a reasonable time, soon enough to give him such opportunities, as he ought to have to save him from loss. If the notice be delayed a very short time, but by reason of the delay the guarantor loses the opportunity of obtaining indemnity, and is irreparably damaged, he would be discharged from his obligation. But, if the delay were for a long period, and it was nevertheless clear that the guarantor would have derived no benefit from an earlier notice, the delay would not impair his obligation. 2 Pars. on Cont. 662. Citing *Clark* v. *Remington*, 11 Metc. 361; *Craft* v. *Isham*, 13 Conn. 28; *Thomas* v. *Davis*, 14 Pick. 353; *Talbot* v. *Gay*, 18 id. 584. See, also, *Green & Co.* v. *Thompson*, 33 Iowa, 293.

The court below based the discharge of defendant upon the mere failure to give him notice of non-payment, without any reference to the length of delay, or the consequences thereof.

The judgment must, therefore, be

Reversed.