MARTYN v. LAMAR *et al.*

1. **Appeal**: OBJECTION TO PETITION: TOO LATE. Where defendant answered the petition, went to trial and introduced his evidence, and did not attack the sufficiency of the petition in any form, either before or after verdict, *held* that he could not do so on appeal.

2. ———: MEANING OF "RECORD": TOO TECHNICAL. After defendant had introduced his evidence, the plaintiff moved the court to instruct the jury to find a verdict in his favor "based upon the record that has been made in the case." An objection in this court that the motion was not based on the evidence, because it had not yet been made ᐧof record, *held* too technical for consideration, in view of the evident meaning of the words as used.

3. **Promissory Note**: GUARANTOR: DISCHARGE: BURDEN OF PROOF. Before a guarantor of a note can be discharged by the failure of the holder to give him notice of non-payment, he must show by proper evidence that he has been prejudiced by such failure.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION upon a promissory note, which was executed by the defendants H. C. & S. H. Lamar to their co-defendant William Conley, on the fourteenth day of September, 1885, due eight months after date. On the twenty-third day of December, 1885, the defendant William Conley transferred the note to the plaintiff, and by a separate instrument in writing guaranteed the payment thereof. Judgment was rendered for the plaintiff against the makers of the note, and a trial by jury was had as to the liability of Conley, the guarantor. The defendant introduced his evidence, and at the close thereof the plaintiff asked that the jury be instructed to

find a verdict in his favor for the amount due on the note, "based upon the record that has been made in the case." The motion was sustained. A verdict was returned for the plaintiff, upon which judgment was rendered, and defendant Conley appeals.

*Goldsmith & Hart*, for appellant.

*Wm. Milchrist*, for appellee.

ROTHROCK, J.—I. The counsel for appellant make a question upon the sufficiency of the petition. It is claimed, because the plaintiff requested the court to instruct the jury to return a verdict for the plaintiff upon the record made in the case, that the motion had no reference to the evidence, because it had not then been made of record, and that it was error to order a verdict upon the pleadings; and it is insisted that the petition does not constitute a cause of action against the defendant. These objections come too late. The defendant answered the petition, went to trial, introduced his evidence, did not attack the sufficiency of the petition in any form, either before or after verdict, and he cannot be permitted to do so now, and the objection that the motion was not based upon the evidence is too technical for consideration here. The motion, in its reference to the record, evidently referred to the case as then presented, including the evidence.

II. It is conceded that it was incumbent on Conley as a guarantor to show by proper evidence that he was prejudiced by the failure of the plaintiff to give notice of non-payment at the maturity of the note. See *Sabin v. Harris*, 12 Iowa, 90. The defendant, by his answer, pleaded that he was prejudiced by the failure of plaintiff to give notice of non-payment; and he sought by his evidence to establish this fact. He claims that he did introduce sufficient evidence of the fact to require the case to be submitted to the jury. A careful examination of the evidence leads us to the conclusion that the court correctly held that there was no evidence of prejudice. We need not set out nor discuss the evidence.

III. Objection is made by appellant to an order of the court striking out the testimony of a witness. The ruling was clearly correct, upon the ground that said testimony was hearsay. We find no error in the record. AFFIRMED.

ROBINSON, J., having been of counsel in this case, took no part in its determination.