# Turner v. Smith.

### Action of Assumpsit.

1. *Written contract for payment of money; when sufficient consideration shown.*—In an action upon a written agreement to pay money, it was shown that the defendant conveyed to the plaintiff by warranty deed certain lands; that the covenants of warranty were afterwards broken by the sale of said land under a mortgage, which had been given prior to the execution of the deed, and its existence was unknown to the plaintiff at the time of the purchase. Thereupon the defendant executed the written obligation, which is here sued upon, with surety, agreeing to pay plaintiff the amount of the purchase price of the land if he, the defendant, failed to secure the release of the land from the mortgage under which it was sold, or if he failed to redeem the land before the right of redemption expired. *Held:* That the antecedent liability of the defendant upon the breach of warranty, being absolute, and the promise to pay, as evidenced by the written agreement, being conditional, there was a sufficient consideration to support the contract evidenced by the written obligation as to the defendant and his surety; and upon their failure to pay upon the happening of the contingency therein provided for, the plaintiff could maintain suit thereon.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, Felix M. Smith, against the appellant, Daniel H. Turner and Lucy T. Turner.

The complaint, as amended, was as follows: "Plaintiff claims of defendants $400, due by obligation in writing executed by defendants and Bessie L. Turner, who is not sued, on March 5, 1893, in words following: 'If I fail to get the land of Felix M. Smith released from the Land Mortgage Company, by putting in other lands that were intended to be put in instead of this when the mortgage was executed, or if I fail to redeem the land

[Turner v. Smith.]

before the right of redemption expires, I hereby agree to pay Felix M. Smith $400, and furthermore agree to pay the Company whatever rents they may charge for this year and next, until right of redemption expires.'"

The plaintiff then avers the purchase of certain described land from the defendant, Daniel H. Turner, for $400, and the execution of a deed thereto by the defendant conveying said land with warranty of title. That prior to this purchase and conveyance, Daniel H. Turner had executed a mortgage to a Land Mortgage Company by which he had conveyed said land, but plaintiff had no knowledge of the existence of said mortgage; that said mortgage was foreclosed, the lands sold, and plaintiff dispossessed thereof, and the same were lost to the plaintiff, whereupon the instrument declared on was executed. It was further averred in the complaint that "the defendants have failed 'to get the land of plaintiff released from the Land Mortgage Company, by putting in other lands that were intended to be put in instead of this, when the mortgage was executed,' and said defendants or either of them have failed 'to redeem the land before the right of redemption expires,' as stipulated in said instrument; that the time which said Daniel H. Turner, or either of said defendants, had to redeem said lands expired before the institution of this suit. Defendants refuse to pay said sum with interest thereon."

To this complaint the defendants demurred on the grounds, 1st, that it does not show that there was any consideration for the contract sued on; 2d, that the contract set up was vague, uncertain and void. This demurrer was overruled, and to this ruling of the court the defendant duly excepted. Issue was joined upon the pleas of the general issue and payment by both of the defendants, and on several pleas interposed by Lucy T. Turner, which averred that she is only a surety on the paper sued on, Daniel H. Turner being the principal obligor, and that the said paper was given for an executed consideration passing alone to said principal, and that the contract sued on is not based on any new consideration either of benefit to the obligors, or of detriment to the obligees, and that the contract as to her is void for want of consideration.

The evidence introduced, the substance of which is

[Turner v. Smith.]

stated in the opinion, proved the averments of the complaint.

The court, at the request of the plaintiff, gave the general affirmative charge in his behalf. To the giving of this charge the defendants duly excepted, and also excepted the court's refusal to give the general affirmative charge in their behalf.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court to which exceptions were reserved.

SHELBY & PLEASANTS, for appellant.—The court should have given the general affirmative charge for the defendant Lucy T. Turner, which she requested in writing. The obligation sued on was within the statute of frauds. It was a special promise to answer for the debt, default or miscarriage of Daniel H. Turner.—Code of 1886, § 1732, sub-div. 3 ; *Brown v. Adams*, 1 Stew. 51 ; *Foster v. Napier*, 74 Ala. 393 ; *Files v. McLeod*, 14 Ala. 611 ; 1 Brandt on Suretyship, §§ 55, 57.

There was no consideration at all for the execution of the contract or obligation sued on. Daniel H. Turner was bound already to do what he agreed to do in the execution of the contract sued on. A promise to do what one is already bound to do is no consideration. 3 Amer. & Eng. Encyc. of Law, 834 ; *Barron v. Vandvert.* 13 Ala. 232 ; *McCaleb v. Price*, 12 Ala. 753 ; Bishop on Contracts, 19, § 48.

LAWRENCE COOPER, *contra.*—If Lucy T. Turner was a surety, as appears from some of the pleadings, there is nothing left in the case. So long as Daniel H. Turner, the principal, continued as a party obligor, the statute of frauds could have no application.—*Lehman v. Levy*, 69 Ala. 48 ; *Dunbar v. Smith*, 66 Ala. 490 ; *Carlisle v. Campbell*, 76 Ala. 247 ; *Thornton v. Williams*, 71 Ala. 555 ; *Thornton v. Guice*, 73 Ala. 321 ; *Summerhill v. Tapp*, 52 Ala. 227.

McCLELLAN, J.—Daniel H. Turner sold and conveyed by warranty deed eighty acres of land to Felix M. Smith for four hundred dollars. There was breach of the covenants of title and good right to convey and for quiet possession, &c., in that a third party held a

mortgage on the land at the time of this sale and subsequently foreclosed the same, and Smith was ousted. Turner thereupon became absolutely liable to Smith in some amount of damages for the breach of said covenants. These damages were liquidated by agreement of the parties and fixed at the sum of four hundred dollars. And Daniel H. Turner, with Lucy T. Turner as surety, executed the paper sued on to Smith agreeing to pay him said sum of four hundred dollars if he, Turner, should fail to secure a release of the land from the mortgage or should fail to redeem the land before the right of redemption expired.

We can make nothing out of these facts more or less than this : that Turner being liable to Smith, executed to the latter his promise to pay the agreed amount of such liability upon certain conditions, which have transpired. The contract is a mere note of hand payable in a certain event, or rather, upon the failure of the maker to do certain things, and it rests upon the antecedent liability of the maker to the payee in some uncertain amount, in connection with the facts that this original liability was absolute and the promise to pay is conditional, as a consideration. No other consideration than this moving to Daniel H. Turner was necessary to support the contract either as to him or Lucy T. Turner, his surety.—*Lehman v. Levy*, 69 Ala. 48.

All the rulings of the circuit court were in line with these views and the judgment must be affirmed.

Affirmed.