# Stephenson, *et al v.* Parsons, *et al.*

## *Returning Replevy Bond Forfeited.*

(Decided November 19, 1912.   Rehearing denied December 7, 1912. 60 South. 592.)

1. *Pleading; Amendment.*—It was the plaintiff's statutory right under section 5367, Code 1907, to make a motion and have it granted to amend his compliant by striking therefrom certain counts to which demurrer had been sustained and substituting therefor as his complaint certain other designated counts.

2. *Same; Ruling on Demurrer.*—Where a demurrer was sustained to certain counts which were then voluntarily abandoned by plaintiff, and other counts substituted to which demurrer was overruled, plaintiff cannot complain of the action of the court in sustaining demurrers to the abandoned counts.

APPEAL from Jefferson Circuit Court.
Heard before Hon. E. C. CROWE.

Action by L. L. Stephenson and another against M. W. Parsons, constable, and the sureties on his bond for damages for returning a replevy bond forfeited. Judgment for defendants and plaintiffs appeal. Affirmed.

KIDD & DARDEN, for appellant. Appellant complains of the sustaining of demurrers to the original counts of his complaint and cite authorities in support of his contention, but in view of the opinion it is not deemed necessary to here set them out. They insist, however, on rehearing, that no action was taken in reference to an amendment until after the demurrers were sustained, and that, therefore, they did not lose the right to have their exceptions to the actions of the court as to these counts passed on.—*Shepherd v. Shelton*, 34 Ala. 652; *Stallings v. Newman*, 26 Ala. 300. A party against whom a judgment on demurrer is rendered may plead over as a matter of right without waiving his privileges of assigning such judgment as error.—*Williams v. Ivey*, 37 Ala. 244; *Chestnutt v. Tyson*, 105 Ala. 149.

STERLING A. WOOD, for appellee. It clearly appears that plaintiff abandoned voluntarily his original count, and by motion had other counts substituted, as his complaint, and hence, he cannot complain of the court's action thereon. Motion is therefore made to strike the assignments of error.—*Carter v. Peck*, 121 Ala. 68.

WALKER, P. J.—The only errors assigned are the rulings of the court in sustaining demurrers to counts 1, 2, 3, 4, 5, and 6 of the complaint.

After those rulings were made, the complaint was amended by a separate paper, the first paragraph of which was as follows: "Now come the plaintiffs in the above-styled cause, and ask leave of the court to amend their complaint by striking therefrom the original com-

plaint as filed, viz., count 1, and also the counts added thereto by way of amendment, viz., counts 2, 3, 4, 5, and 6, and to substitute therefor as the complaint in this cause the following counts, designated as counts A and B." This was an exercise of the plaintiff's statutory right (Code, § 5367) to have his complaint amended by striking out counts thereof. The counts so stricken were put as completely out of the case as if they had never been filed.

The plaintiffs cannot complain of rulings on demurrers to pleadings which they themselves voluntarily abandoned, substituting other counts, demurrers to which were overruled.

Affirmed.

