# Baskett Lbr. & Mfg. Co. *v.* Gravlee, *et al.*

### Assumpsit.

(Decided November 14, 1916.   73 South. 291.)

1. **Guaranty; Default; Notice.**—Where a guaranty is absolute in terms, and for the performance of a specific act at a fixed time, the guarantor's liability is fixed on the default of the principal, and he must inquire of his principal, or take notice of his default at his peril, unless the guarantee stipulates for notice to him.

2. **Same.**—Under a continuing guaranty of a contract for the purchase of timber to be cut and removed, where the amount to be paid was not fixed and definite, but was dependent upon contingencies, and where the guarantor had the right to perform the principal contract, and thus minimize damages, he was entitled to reasonable notice of his principal's default.

4. **Same; Timber Contract; Exhausting Remedy.**—Under a contract of guaranty for the cutting of timber and the payment therefor, if the purchaser failed to do so, the guarantee might bright action without first having exhausted his legal remedies against the purchaser, or showing his insolvency, since the guarantor's liability became absolute on default of the purchaser.

5. **Fraud; Statute of; Guaranty.**—The expressed consideration in the guaranty of the performance of a timber contract that the guarantor should have the necessary rights of way for spur tracks and roads over the land of the seller for cutting and removing the timber, was sufficient to take the guaranty out of the statute of frauds.

6. **Logs and Logging; Timber Contract; Title.**—A contract for the sale of standing timber executed and acknowledged as such, passed the legal title to the purchaser upon delivery.

7. **Same; Condition Subsequent.**—A conveyance of title to standing timber containing a condition that if the purchaser should fail or refuse to be governed by the ruling of the referee to be selected, then his failure would work a forfeiture of the conveyance, and that the removal by the purchaser of any logs without being scaled, should forfeit the conveyance, even if breached, would not render the conveyance void, but merely voidable by acts of the vendor inconsistent with the continuance of the estate.

8. **Same; Forfeiture; Waiver.**—Where the vendor in a contract for the sale of standing timber did not claim a forfeiture on breach of conditions subsequent, but filed a suit against the guarantor to recover the price of uncut timber as fixed by the contract, he waived such condition.

9. **Same; Damages.**—Where the contract fixed the price for pine timber at $2, and for gum, oak, poplar and hickory at $3 per M feet, "Doyle Rule, (measuring small way)" this was sufficiently definite to enable the court to estimate the damages for the breach of the contract.

10. **Guaranty; Breach; Pleading.**—Where the action was on the guaranty of a contract for the purchase of standing timber to be cut and removed, a

[Baskett Lbr. & Mfg. Co. v. Gravlee, et al.]

complaint setting out the contract of sale and guaranty, and averring that the purchaser had failed to cut certain timber, and had abandoned the cutting of timber, and that the guarantor had failed to take up the timber cut, or to be cut by the purchaser, showed a breach of the contract.

11. **Pleading; Demurrer; Scope.**—Under § 5340, Code 1907, although the complaint was subject to demurrer for failing to aver that all the timber covered by a contract had not been paid for, this question was not presented by the demurrers interposed.

12. **Same; Facts or Conclusion.**—Pleas which state mere conclusions are subject to demurrer.

13. **Guaranty; Action; Evidence.**—Where the action was on the guaranty of a contract to cut and remove timber, evidence of the character and quantity of the timber not cut was relevant.

14. **Same; Burden of Proof.**—In such a case it was incumbent on plaintiff to show that the timber left was sound and free from defect that would reduce it below the grade which the purchaser was to cut and remove, but it was within the discretion of the trial court to permit questions not hypothesizing these defects.

15. **Same.**—The fact that the purchaser had cut the timber from that or other lands under contracts previous to the one guaranteed, was immaterial, where the claim sought to be enforced was limited to timber not cut, or to timber cut and removed.

16. **Contracts; Construction.**—The construction of contracts is a matter for the court.

17. **Evidence; Varying Contract; Intent.**—Where a contract for the sale of standing timber was the sole evidence of the intention of the parties, the purchaser could not state his undisclosed or secret intention.

18. **Appeal and Error; Harmless Error; Evidence.**—Where a witness thereafter testified fully on a subject without objection, the fact that the court had previously excluded testimony on that subject, was rendered harmless.

19. **Guaranty; Damages.**—Where the action was on the guaranty of a contract for the purchase of standing timber to be cut and removed, the damages was not the difference between the market price of the timber at the time of the breach and the contract price, but the price of the timber as fixed by the contract.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by C. M. Gravlee and another against the Baskett Lumber & Manufacturing Company, for breach of a guaranty. Judgment for plaintiffs and defendant appeals. Affirmed.

The complaint alleges a contract between J. P. Daniel and plaintiffs for the sale of certain timber therein described, upon certain lands therein described, together with all necessary rights, including all necessary rights of way for roads, tramroads, and all rights of way for all spurs for the removal of said timber,

or any other timber owned by them. Said Daniel is to cut and remove said timber as rapidly as ordinary conditions will permit. Said logs cut shall be scaled every two weeks, and paid for when scaled, and no logs shall be scaled or removed otherwise except by agreement of the parties to this contract. Said Daniel or assigns is to pay for all timber as above specified, according to a fixed scale therein set out. The contract also contained a provision for the selection of disinterested parties to determine upon the grade of the logs in dispute in the event that the parties cannot agree upon the grade. A forfeiture was worked under the terms of the contract, in the event that Daniel should pay or refuse to be governed by the ruling of the referee so selected. The removal of the logs by Daniel without being scaled also worked a forfeiture against him. The right of removal of the timber was granted until January 1, 1915. The complaint then alleges that in April, 1914, the following contract was entered into between plaintiff and defendant:

Know all men by these presents that the undersigned, the Baskett Lumber & Manufacturing Company, a corporation, agrees to take up the timber cut or to be cut under the terms of terms of the contract, in the event that Daniel should not pay or and J. P. Daniel, executed and dated March 4, 1914, and said company further agrees to guarantee the payment for the timber cut and removed under the terms of said contract, and to guarantee that the merchantable timber included in said contract coming up to the specifications therein indicated will be cut. In consideration of said agreement said Baskett Lumber & Manufacturing Company is to have the necessary rights of way for spur tracks, tramroads and wagon roads, and necessary ingress and egress over the lands of said Gravlees for the purpose of cutting and removing said timber.

The complaint alleges breach of the contract by defendant in this: Defendant had not cut all the merchantable oak timber measuring 30 inches and up, gum timber measuring 18 inches and up, pine timber, measuring 12 inches or more, hickory timber measuring 14 inches or more. Defendant has cut some of the larger, and to it more profitable, timbers of the classes specified in the contract, and has left uncut the small and to it less profitable timber. Defendant did not cut and remove timbers mentioned in said contract as rapidly as ordinary conditions would permit, and defendant has abandoned the cutting of said

timbers on said lands mentioned in said contract, and has removed its tracks from said land, leaving a large part of the timbers included in said contract uncut. The pleas took rather the shape of demurrers than pleas, alleging: First, that the contract between plaintiff and Daniel is so indefinite, vague, and uncertain in its terms that the damages flowing from a breach thereof cannot be ascertained, and that the contract of this defendant is a mere guaranty of a pre-existing contract between plaintiffs and Daniel, and no consideration moved to this defendant for such guaranty; also that the contract fails to express the consideration moving to this defendant; also that it appears that this defendant is only contingently liable, and that liability had not been established against the principal, Daniel, nor has he been adjudicated in default and failed to respond to the amount of damages that plaintiff might have recovered against him. The objections to evidence sufficiently appear. The following charges were, among others, refused to defendant:

(2) The court charges the jury that if defendant breached the contract sued upon, the burden rests upon plaintiff to reasonably satisfy you by the evidence of the amount of damages which plaintiffs have suffered, measured as provided by law; provided defendant has not been released or discharged; that the measure of such damages is the difference in the contract price of the timber mentioned in the contract and the fair market value thereof at the time the breach of such contract took place; and, if you are reasonably satisfied from the evidence that the value of the timber at the time of the breach of the contract was as much or more than the contract price, then plaintiff cannot recover in this case.

(3) Permits the recovery of nominal damages only.

(4) Affirmative charges for defendant.

(5) If you are reasonably satisfied from the evidence in this case that the relation of this defendant to the contract sued upon is that of guarantor, and that it was only collaterally liable on said contract, and that Daniel, the principal in such contract, has not been adjudged in default, then you should find for defendant.

(6) If you are reasonably satisfied from the evidence in this case that there was no consideration moving to defendant for the execution of its contract of guaranty, then you should return a verdict for defendant.

[Baskett Lbr. & Mfg. Co. v. Gravlee, et al.]

BEASLEY & WRIGHT, for appellant.  MCNEIL & MONROE, and RAY & COONER, for appellee.

BROWN, J.—It is conceded that the relation of appellant to the transaction out of which this litigation arises is that of guarantor.  The point in controversy between the parties is as to when appellant's liability became fixed, if at all.  One of appellant's contentions is that liability under the guaranty is not fixed short of the exhaustion of all legal remedies against the principal, and another is that appellant was entitled to reasonable notice of the default of the principal.  ·On the other hand, appellee contends that the guaranty is absolute and appellant's liability became fixed upon default of the principal, without more.

(1) It is well settled that where the guaranty is absolute in terms and for the performance of a specific act at a fixed period, liability of the guarantor becomes fixed on default of the principal; and the guarantor must inquire of his principal, or take notice of his default at his peril, unless notice is stipulated for in the contract of guaranty.—*Donley v. Camp*, 22 Ala. 659, 58 Am. Dec. 274; *Leftkovitz v. First National Bank of Gadsden*, 152 Ala. 521, 44 South. 617.

(2) The nature of the obligation of the guarantor is affected by the character of the principal contract, to which the guaranty relates; and, if the principal contract expresses an absolute obligation to pay a definite sum at the specified date of maturity or before, a guaranty of the payment of such contract imports an undertaking without condition to perform the contract in the event it is not performed by the principal.—*Hungerford v. O'Brien*, 38 Minn. 306, 34 N. W. 167; Sterne's Law of Suretyship, §§ 67, 68.  Where, however, as in this case, the obligation is in the nature of a continuing guaranty and the amount to be paid is not fixed and definite, but is dependent upon contingencies not scheduled to happen at a definite time, and the guarantee has better opportunity than the guarantor to know of the default, and under the terms of the guaranty the guarantor may perform the principal contract and avert loss or minimize damages, and the time within which performance may occur is limited by the principal contract, natural justice, it seems, would dictate that the guarantor have reasonable notice of the principal's default; and this is especially true if, under the terms of the principal contract, the guarantee is given the option to terminate the right

of the parties to perform upon the happening of certain contingencies.—*Walker v. Forbes*, 25 Ala. 139, 60 Am. Dec. 498; Sterne's Law of Suretyship, § 68.

(3) Unless notice is stipulated for in the contract, the giving of notice is not essential to the plaintiff's case. It is defensive matter, and forms the basis for the guarantor to show that he has suffered damage by the plaintiff's failure to give notice, which he may recoup against the damage suffered by the guarantee.— *Walker v. Forbes, supra; Martyn v. Lamar*, 75 Iowa 235, 39 N. W. 285; *Bank v. Gaylord*, 34 Iowa 246; Sterne's Law of Suretyship, supra.

(4) The guaranty of the appellant was not of the collectibility of the demand, nor of his ability to pay damages for nonperformance, but was an absolute obligation to perform the contract by cutting the timber, and paying for it, in the event the principal, Daniel, failed to cut and remove the timber and pay for it; and it was not essential to plaintiff's right of recovery that he exhaust legal remedies against the principal, or show his insolvency. The guarantor's liability became absolute on default of the principal.—Authorities supra, and also *Rawleigh Medical Co. v. Tarpley*, 5 Ala. App. 412, 59 South. 512; *Watkins Med. Co. v. Lovelady*, 186 Ala. 414, 65 South. 52.

(5) The consideration of the contract between the plaintiff and the defendant, as expressed in the contract, was the agreement of plaintiff that the defendant should have, "the necessary rights of way for spur tracks, tramroads, and wagon roads, and necessary ingress and egress over the lands of the said C. M. Gravlee and G. W. Gravlee for the purpose of cutting and removing the said timber," and was sufficient to take it out of the statute of frauds.—*Flowers v. Steiner*, 108 Ala. 440, 19 South. 321; *Turner v. Smith*, 112 Ala. 334, 20 South. 486.

(6) The contract between the plaintiffs and Daniel is in substance and form a conveyance, executed and acknowledged as such, and upon its delivery the legal title to the timber described therein passed to Daniel.—*Zimmerman Mfg. Co. v. Daffin*, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; *Wright v. Bentley Lumber Co.*, 186 Ala. 616, 65 South. 353; *Vizard v. Robinson*, 181 Ala. 349, 61 South. 959; *Mt. Vernon Lumber Co. v. Shepard*, 180 Ala. 148, 60 South. 825; s. c., 190 Ala. 570, 67 South. 286.

[Baskett Lbr. & Mfg. Co. v. Gravlee, et al.]

(7) This title, however, was incumbered by the two conditions subsequently expressed therein: "In the event the said J. P. Daniel shall fail or refuse to be governed by the ruling of the referees so selected, his failure so to do shall work a forfeiture of this conveyance," and "in the event any logs are removed by the said J. P. Daniel without being scaled, same shall work a forfeiture of this instrument."

These conditions, even if they had been breached, did not render the conveyance void, but merely voidable by acts of the grantors inconsistent with the continuance of the estate.—13 Cyc. 711, V, E, 6, d (11).

(8) A forfeiture not having been claimed, by filing this suit to recover the price of the uncut timber as fixed in the conceyance, such conduct being inconsistent with the right to claim a forfeiture, the grantors waived these conditions.—13 Cyc. 707, V, E, 5, c.

(9) The price as fixed in the conveyance for pine timber is $2, and for gum, oak, poplar, and hickory, $3 per thousand feet "Doyle rule (measuring small way)." These provisions of the contract are sufficiently definite to enable the court to estimate the damages flowing from the breach. The plaintiff was entitled to recover the price of the timber as fixed by this conveyance. This distinguishes this case from those cited by appellant, in which the plaintiff sought to recover unearned profits.—*Christie, Lowe & Heyworth v. Patton,* 148 Ala. 326, 42 South. 614.

The execution and delivery of the conveyance operated to vest the legal title to the timber in Daniel, the grantee, thus fulfilling on the part of the plaintiff's all obligation precedent to their right to insist upon full performance on the part of Daniel, and there was nothing left for them to do except receive payment when tendered.

(10, 11) The original complaint sets out both the conveyance and the contract of guaranty in hæc verba, and the complaint as amended avers that Daniel failed to cut certain specified quantities of timber falling within the specifications of the contract, and that he had abandoned the cutting of the timber; and also that the defendant has failed to take up the timber cut or to be cut by Daniel. These averments show a breach of the contract; and while, as insisted by appellant, the complaint may have been subject to demurrer because it does not aver that all of the timber covered by the conveyance had not been paid for, this question is

not presented by the demurrers found in the record.—Code 1907, § 5340.

(12) The defendant's several pleas, to which demurrers were interposed and sustained, stated mere conclusions, and the ruling of the court as to these pleas is free from error.

(13) The question propounded to the witness Harris, and to which objections were made, pertained to the character and quality of timber not cut by Daniel, and called for relevant testimony, and the objections were properly overruled.

(14) It was incumbent upon the plaintiff to show that the timber left was sound, free from windshakes, doughty spots, and other defects that would reduce the grade below grade 2; but it was within the discretion of the court to allow questions not hypothesizing these facts.

(15) The fact that Daniel had cut timber from this or other lands under contracts previous to the one here involved does not appear to be material, for the reason that there is no claim here for timber cut and removed; but the claim is limited to timber covered by the contract not cut, or cut and not removed.

(16, 17) The contract is the sole evidence of the intention of the parties, construed in the light of the surrounding circumstances; and it was the province of the court, and not the witness, to interpret this contract (9 Cyc. 577); and it was not permissible for the witness Daniel to state his undisclosed or secret intention.—*Fuller v. Whitlock*, 99 Ala. 411, 13 South. 80; 9 Cyc. 578.

(18) The witness Gravlee, after the court had sustained objections to questions eliciting testimony as to what occurred between witness and Mitchum, seems to have testifiel fully on this subject without objection, and the ruling of the court, if error, was without injury.

(19) Relying on *Wheeler v. Cleveland*, 170 Ala. 426, 54 South. 277, appellant insists that the measure of the plaintiffs' damages, if they were entitled to recover, is the difference between the market value of the timber at the time of the breach of the contract and the contract price. There is a vast difference between the contract in that case and the one here involved. That was an executory contract, and the title to the timber in that case did not vest until it was measured at the places mentioned in the contract; while in this case the title vested in the grantee with the delivery of the conveyance, and plaintiffs were entitled to

[Fealy v. City of Birmingham.]

recover the agreed purchase price of the timber. In *Wheeler v. Clveland* the contract was executory; in this case it was an executed contract. For this reason, charges 2, 3, and 4 were properly refused; and charges 5 and 6, on principles heretofore stated, were properly refused.

(20) Charges 11 and 13, if otherwise correct, were abstract, there being no evidence that the lands were cut over "as closely as is the custom of prudent and economical lumbermen to clear the land," or any evidence from which such or similar facts could be inferred. The defendant's contention was that all the timber within the specifications of the contract had been cut and removed.

There are 92 assignments of error on the record, and we have considered all questions argued in brief; and, finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed.