(80 South. 144)

## S. E. WEBB & CO. v. RILEY. (1 Div. 226.)

(Court of Appeals of Alabama. June 4, 1918.
Rehearing Denied June 29, 1918.)

**1. APPEAL AND ERROR ☞1040(9)—RULING ON DEMURRER—CURE.**

Any error in sustaining demurrer to plea was cured; amendment thereof, the sufficiency of which was not challenged, having been made.

**2. TRIAL ☞143—AFFIRMATIVE CHARGE.**

The general affirmative should not be given, there being a material conflict in the evidence, or evidence authorizing a reasonable inference of facts, unfavorable to the right of the party asking it to prevail.

**3. NEGLIGENCE ☞134(2) — CIRCUMSTANTIAL EVIDENCE.**

Negligence may be inferred from circumstances.

**4. MASTER AND SERVANT ☞300—LIABILITY FOR ACT—SCOPE OF EMPLOYMENT.**

The master is liable for the servant's act within the line or scope of his employment, though not done under the master's direction.

**5. TRIAL ☞252(7) — ABSTRACT INSTRUCTIONS.**

Defendants' requested instruction as to contributory negligence is properly refused as abstract; there being no evidence to support the pleas of contributory negligence.

**6. DAMAGES ☞46 — PERSONAL INJURIES — MEDICAL SERVICES.**

One injured may recover, as part of the damages, on his claim for medical services, sufficiently pleaded, debt therefor having been contracted before filing the suit, though part of them were to be rendered thereafter.

**7. NEGLIGENCE ☞124(1) — PUTTING UP SWING—PRICE PAID.**

The price paid for a swing is immaterial as regards liability of the seller for injury to the buyer through the seller's negligent hanging thereof.

**8. DAMAGES ☞95 — PERSONAL INJURY — COMPENSATORY DAMAGES.**

Buyer of swing, if entitled to recover for personal injury through seller's negligent hanging thereof, is entitled to compensatory damages.

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Action by Helen Riley against S. E. Webb & Co. for damages for injuries sustained. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts sufficiently appear. Pleas of contributory negligence set up the fact that plaintiff knew said swing was likely to fall, or that she could, by the use of ordinary diligence, have ascertained that it was likely to fall, and yet she negligently occupied said swing. The following charges were refused to defendant:

(2) If your mind is evenly balanced as to whether the swing fell as the proximate result of the negligent hanging or of a defect in the wood where the swing was hung, you must find for defendants.

(3) If you believe from the evidence that Cheshire hung the swing as an accommodation on his part to plaintiff, and not on behalf of defendants, you must find for defendants.

(4) If you are reasonably satisfied from the evidence that plaintiff occupied said swing, although she knew that said swing was likely to fall, and that the swing, by being so occupied, did fall and cause the injuries complained of, you must find for defendants.

(5) Even if you are reasonably satisfied that plaintiff is entitled to recover, she cannot recover more than nominal damages for any expense incurred for medicines and medical treatment.

(9 and 10) Same as 5.

(6) Unless each and every one of you are reasonably satisfied from the evidence that plaintiff paid to defendants the sum of $3.50 for said swing, you cannot find for plaintiff.

(11) If you believe from the evidence that plaintiff paid only $3 for the swing, you must find for defendants.

(7) If you find for plaintiff, you cannot find for plaintiff for more than nominal damages.

Boyles & Kohn, of Mobile, for appellants.
James H. Kirkpatrick, of Mobile, for appellee.

BRICKEN, J. This is an action for damages for personal injuries growing out of the falling of a porch swing alleged to have been negligently hung by the appellant. Issue was joined on the general issue and pleas of contributory negligence.

The evidence for the appellee, who was plaintiff in the court below, shows that she purchased of the appellants, defendants in the court below, a porch swing, and that the price paid therefor included the cost of hanging the swing on appellee's porch in a secure manner, or, as she pointedly puts it, "to stay." The appellee's evidence further tends to show that the screws by which the swing was attached to the ceiling were inserted in a half-inch plank, and that it was the pulling out of these screws that caused the swing to fall, and as a consequence broke appellee's leg. There was evidence that there was heavier timber on said porch to which the swing might have been attached.

The appellants admit the sale to the appellee of the swing, but deny that the swing was to be hung. The man who, appellee testified, hung the swing, was the employé of appellants, and testified that he could not recall whether he hung the swing or not. One of the defendants testified that his man had no authority to hang the swing, if, in fact, he did so.

[1] There is no evidence supporting the appellants' pleas of contributory negligence. The court did not err in sustaining the demurrers to plea 2. The appellants subsequently amended this plea, and its sufficiency was not challenged. This fact cured the error, if any, in sustaining the demurrers to the original plea two. Stephenson et al. v. Parsons et al., 6 Ala. App. 615, 60 South. 592.

[2, 3] The appellants were not entitled to the general affirmative charge. There is a direct conflict in the evidence in regard to appellants' duty and their performance of it. The affirmative charge should never be given where there is any material conflict in the evidence, or where there is evidence which authorizes a reasonable inference of facts unfavorable to a right of recovery by the party asking such charge. Under the facts shown by the record, the jury could reasonably infer that the injury was caused by the negligence of the defendant in attaching the supporting screws in the insecure wood, and the rule has been well settled in this state that negligence and the failure to exercise due care and ordinary caution, like any other fact, may be inferred from circumstances, and the court would not be justified in taking the case from the jury unless, as a matter of law, no recovery could have been had in the case upon any view which could properly have been taken of the evidence and of the reasonable tendencies afforded by it. The affirmative charge in behalf of the defendants was therefore properly refused. McCormack Harvesting Mach. Co. v. Lowe, 151 Ala. 313, 44 South. 47.

[4] The appellants' agent, whom appellee testifies hung the swing, was acting within the line or scope of his employment, and it is immaterial that he hung the swing without the authority of the appellants. Their liability is not limited to the acts done under the master's instruction. Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149; Hardeman v. Williams, 169 Ala. 50, 53 South. 794. The court therefore properly refused charge 3 requested by appellants.

[5] Charges 2 and 4 requested by the defendants were properly refused; there being no evidence to support the pleas of contributory negligence, and they were therefore abstract. Baskett Lumber & Manufacturing Co. v. Gravlee et al., 15 Ala. App. 359, 73 South. 291.

[6] Charges 5, 9, and 10 asked by appellants were properly refused. The fact that the amount paid for medical services was for a period beyond the date of the filing of the suit and the claim for medical expense is sufficiently averred in the complaint. The debt for these services was incurred prior to the filing of the suit, and the jury could properly find under the evidence in the case that the obligation to pay was then existing.

[7] Charges 6 and 11 asked by appellants were erroneous and misleading. The price paid for the swing was immaterial.

[8] Charge 7 was clearly erroneous, and was properly refused. If the appellee is entitled to recover, she is certainly entitled to compensatory damages.

We find no error authorizing the reversal of this case, and the judgment of the lower court is affirmed.

Affirmed.