DONALDSON, Judge.
Roy Davis and Voncile Davis appeal from summary judgments entered by the Franklin Circuit Court ("the trial court") in favor of A.M. Samara in case number CV-15-900107 and in favor of Terek Samara in case number CV-15-900106 on their ejectment claims against the Davises. The two cases involve the same relevant facts and have essentially the same procedural history. The Davises assert that the claims against them are barred by the doctrine of res judicata. We hold that the doctrine of res judicata does not bar either claim and that the Davises' arguments do not establish the existence of a genuine issue of material fact. Accordingly, we affirm the summary judgments. We have consolidated the appeals for the purpose of issuing one opinion.
*623 Facts and Procedural History
In order to understand the issues presented on appeal, we begin with a summary of the undisputed facts and relevant procedural history relating to previous state and federal cases involving the parties. The Davises are in possession of certain real property ("the property"). Roy Davis was the sole owner of a company named Strickland and Davis International, Inc. A.M. Samara sued Strickland and Davis International, Inc., in the United States District Court for the Northern District of Alabama ("the federal district court") seeking to enforce a partnership agreement between A.M. Samara and Strickland and Davis International, Inc. ("the first federal case"). On November 17, 2004, after the jury returned a verdict in favor of A.M. Samara, the federal district court entered a judgment awarding A.M. Samara $1,087,585 against Strickland and Davis International, Inc. The federal district court imposed a constructive trust on the assets owned by Roy Davis and Strickland and Davis International, Inc. By agreement of the parties, the Davises executed a mortgage on the property, which had an estimated value of 1.5 million dollars, in favor of the clerk of the federal district court, partly for the purpose of providing surety for an appeal. In a decision issued on October 19, 2006, the United States Court of Appeals for the Eleventh Circuit ("the Eleventh Circuit") vacated the federal district court's judgment based on a lack of due process and remanded the case with instructions for the federal district court to elaborate on the rationale for its decision and for the imposition of the constructive trust.
While the first federal case was pending on remand, Strickland and Davis International, Inc., filed for bankruptcy, and the trustee in bankruptcy ("the trustee") was aligned as the plaintiff in the case. The trustee thereafter filed an amended complaint that included claims of fraudulent transfer against Voncile Davis, Cindy Denise Taylor, Melissa Susanne Terrell, and Native American Development, LLC. Thereafter, the federal district court entered a judgment against those defendants as well as the Davises and awarded damages to the trustee. The federal district court also assigned the interest in the mortgage held by the clerk to the trustee. On August 10, 2012, the trustee assigned his interest in the mortgage and the judgment to A.M. Samara.
A.M. Samara foreclosed on the property and purchased it at the foreclosure sale. A.M. Samara obtained a foreclosure deed to the property dated December 4, 2012.
On December 14, 2012, the Davises filed a complaint in the trial court against A.M. Samara alleging that the foreclosure had been wrongful. The Davises alleged that they had appealed the latest judgment entered on remand by the federal district court to the Eleventh Circuit and that the foreclosure sale violated a stay of the federal district court's latest judgment. On January 13, 2013, A.M. Samara filed a separate complaint in the trial court against the Davises seeking to eject them from the property ("the original ejectment action"). The two cases were consolidated and removed to the federal district court ("the second federal case"). The federal district court entered a judgment in favor of A.M. Samara and against Roy Davis on the Davises' wrongful-foreclosure claim and remanded the original ejectment action to the trial court. Roy Davis appealed, and the Eleventh Circuit affirmed that judgment.
After the federal district court remanded the original ejectment action, A.M. Samara conveyed his interest in a portion of the property to his son Terek Samara. A.M. Samara then filed a motion in the *624 trial court to add Terek Samara as a plaintiff to the proceedings. The motion included the assertion that Terek Samara had purchased a portion of the property. The trial court entered an order adding Terek Samara as a plaintiff. The Davises filed a motion for a judgment on the pleadings pursuant to Rule 12(c), Ala. R. Civ. P., and a demand for an abstract of the claimed title to the property pursuant to § 6-6-283, Ala. Code 1975. In their Rule 12(c) motion, the Davises argued that the original ejectment action should be dismissed with prejudice because A.M. Samara could not show that he had maintained ownership of the property as a single estate from the time of the filing of the complaint to the time of a trial. The Davises claimed that the original ejectment action could not be sustained as a result of the transfer of ownership of a portion of the property. After conducting a hearing on the Davises' motion, the trial court entered a judgment on March 24, 2015, dismissing the original ejectment action. In the judgment, the trial court stated: "It is hereby Ordered that the Motion to Dismiss is granted. Part of the property was conveyed during the pendency of [this] action. This case is dismissed." The case-action-summary sheet contains the following notation: "DISPOSED ON: 03/24/2015 BY (DISM W/O PREJ)." The notation is not initialed or signed by the trial judge.
On June 11, 2015, the Samaras initiated the separate cases that are the subject of these appeals. A.M. Samara filed a complaint in the trial court in case number CV-15-900107, and Terek Samara filed a complaint in case number CV-15-900106. Both complaints alleged claims against the Davises to eject them from the property. A.M. Samara based his ownership claim of his portion of the property on his purchase of the property at the foreclosure sale. Terek Samara based his ownership claim on A.M. Samara's conveyance of a portion of the property to him. The Davises filed answers in response, alleging, among other defenses, that the Samaras' claims were barred by the doctrine of res judicata based on the judgment of dismissal entered in the original ejectment action.
On September 22, 2015, the Davises moved for a summary judgment in each case, arguing that the claims were barred by the doctrine of res judicata. In support of the motions, the Davises submitted, among other exhibits, copies of motions and the judgment from the original ejectment action. On October 16, 2015, the Samaras each filed materials in opposition to the Davises' motions for a summary judgment and argued that the judgment of dismissal in the original ejectment action had been without prejudice. The Samaras submitted a transcript of a hearing on the Davises' motions in the original ejectment action and a copy of the case-action-summary sheet in the original ejectment action that contained the unsigned notation indicating that the case had been dismissed without prejudice. On October 29, 2015, the trial court entered an order denying the Davises' motion for a summary judgment in each case.
On June 27, 2016, the Samaras each filed a motion for a summary judgment in his respective case. They argued that they had had legal title to the property before the commencement of the actions, that the validity of the title derived from the foreclosure had already been adjudicated in federal court, and that the Davises had admitted to possession of the property in their pleadings. The Samaras submitted, among other exhibits, an affidavit from the attorney who had represented A.M. Samara in previous cases, the mortgage agreement, the trustee's assignment of his interest in the mortgage and the judgment in his favor in the first federal action to A.M. Samara, a letter dated November 2, *625 2012, notifying the Davises of a foreclosure sale, the foreclosure deed to the property, a letter dated December 7, 2012, providing notice to the Davises to vacate the property, the deed dated March 14, 2013, conveying a portion of A.M. Samara's interest in the property to Terek Samara, the Davises' complaint alleging a wrongful-foreclosure claim against A.M. Samara, and the latest judgment entered on remand in the first federal case.[1]
The Davises filed responses to the Samaras' motions for a summary judgment, arguing that the federal district court had lacked subject-matter jurisdiction to enter the latest judgment on remand in the first federal case and that the Samaras' motions fail to establish a prima facie cause of action for ejectment. The Davises also argued that the mortgage had become unenforceable and void based on the following condition in the mortgage:
"Upon condition, however, that if the Judgment for Constructive Trust entered by the United States District Court for the Northern District of Alabama in [the first federal case] in favor of ... A.M. Samara against Roy Davis [and] Strickland & Davis ... shall be reversed by the United States Court of Appeals for the Eleventh Circuit ... then this conveyance to be null and void ...."
The Davises submitted the decision of the Eleventh Circuit dated October 19, 2006, vacating the federal district court's November 17, 2004, judgment based on lack of due process and remanding the cause to the federal district court. The Davises also reasserted the res judicata argument they had made in their motions for a summary judgment.
On July 26, 2016, and August 11, 2016, respectively, the trial court entered summary judgments in favor of A.M. Samara and Terek Samara on their respective ejectment claims against the Davises. The Davises filed a motion to alter, amend, or vacate the judgment in each case. The Davises argued that, according to the above-quoted condition in the mortgage, the October 19, 2006, Eleventh Circuit decision voided the enforceability of the mortgage, that the Samaras had failed to establish a valid chain of title to the property, and that the doctrine of res judicata barred the actions. The trial court denied the Davises' postjudgment motions in an order entered on August 24, 2016, in case number CV-15-900107 and in an order entered on September 6, 2016, in case number CV-15-900106.
On September 2, 2016, the Davises filed a notice of appeal to the supreme court in case number CV-15-900107, and on September 29, 2016, the Davises filed a notice of appeal to the supreme court in case number CV-15-900106. The supreme court transferred the appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975. As noted earlier, this court has consolidated the appeals.
Standard of Review
We apply the following standard of review to a summary judgment:
"This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;
*626 Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989) ; Ala. Code 1975, § 12-21-12. '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala. 1989)."
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala. 2004).
Discussion
The Davises argue that the Samaras' claims are barred by the doctrine of res judicata. Generally, a final judgment on the merits in favor of a defendant bars a subsequent attempt by the plaintiff to relitigate the same cause of action against the defendant under the doctrine of res judicata. See, e.g., Watkins v. Harper, 984 So.2d 472, 474-75 (Ala. Civ. App. 2007). However, the judgment entered in the original ejectment action has no res judicata effect on the present ejectment actions. "[O]ne judgment in ejectment is res judicata in all proceedings involving title other than in another action in ejectment." Frazier v. Malone, 387 So.2d 145, 149 (Ala. 1980). "At common law a judgment in ejectment was never final." Reynolds v. Henson, 277 Ala. 424, 425, 171 So.2d 240, 241 (1965).
" Section 6-6-298, [Ala. Code 1975 ], changed the common law rule that a judgment in ejectment is never final by making two judgments in favor of a defendant a bar to further action by the plaintiff for the recovery of the possession of the land. Williamson v. Mayer Bros., 117 Ala. 253, 23 So. 3 (1898). Its purpose is to limit to two the number of actions that can be brought by an unsuccessful party to recover the possession of the land...."
MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493, 497 (Ala. 1985). Section 6-6-298, Ala. Code 1975, provides:
"Two judgments in favor of the defendant in an action of ejectment or in an action in the nature of an action of ejectment between the same parties in which the same title is put in issue are a bar to any action for the recovery of the land, or any part thereof, between the same parties or their privies founded on the same title."
Accordingly, even if we were to consider the judgment in the original ejectment action to have been decided on the merits, that one judgment would not bar the present ejectment actions pursuant to § 6-6-298.
We note that, in MacMillan Bloedell, the supreme court held that § 6-6-298 and the common-law rule regarding the nonfinality of judgments in ejectment actions do not apply to permit a second action of ejectment or an action in the nature of ejectment if the issue of title to property has been fully adjudicated in the first action involving another claim like trespass. Id."[A plaintiff] should be barred from disputing that title in a subsequent ejectment action, just as it would be had [the defendant] filed his trespass action first, put his legal title in issue, and prevailed." Id. In this case, the original ejectment action was, for a time, consolidated with an action initiated by the Davises that involved an *627 adjudication of the Davises' wrongful-foreclosure claim in favor of A.M. Samara. Because the Davises did not prevail on another claim involving title to the property in the original ejectment action or the related wrongful-foreclosure action, the holding in MacMillan Bloedell does not apply to this case.
The Davises also argue that a genuine issue of material fact exists as to whether the condition in the mortgage rendered the mortgage void. The mortgage contains a condition stating that the property conveyance would be void if the Eleventh Circuit subsequently reversed the federal district court's judgment in the first federal case. The Davises assert that, on October 19, 2006, the Eleventh Circuit "reversed" the federal district court's November 17, 2004, judgment, but the Samaras point out that, instead, the Eleventh Circuit actually "vacated" the federal district court's judgment. We need not determine whether the Eleventh Circuit's ruling on October 19, 2006, would have caused the mortgage to become void because, in their responses to the Samaras' motions for a summary judgment, the Davises did not present evidence to show that they had attempted to avoid the mortgage based on that condition before the property was sold in foreclosure. Moreover, nothing in the record indicates that the Davises had ever asserted before the foreclosure sale that the mortgage was void based on that condition. The stipulation of a condition subsequent that voids the agreement or a conveyance merely renders the contract voidable when that condition is fulfilled. Sherill v. Sherill, 211 Ala. 105, 99 So. 838 (1924) ; Baskett Lumber & Mfg. Co. v. Gravlee, 15 Ala. App. 359, 73 So. 291 (1916). See United States v. Stricker, 524 F.App'x 500, 503 (11th Cir. 2013) ("[A] breach of a condition subsequent merely renders a contract voidable."). Because the mortgage was not claimed to be void before or during the foreclosure sale, whether the mortgage condition was fulfilled does not present an issue of material fact regarding the current claims of ejectment.
The Davises further argue that the Samaras failed to make the required prima facie showing of the chain of title to the property. " 'In a statutory action in the nature of ejectment, a plaintiff may recover by showing title from a grantor in possession, or superior title from a common source, or by an unbroken chain of title from the government.' " Green v. Consumer Mortg., Inc., 194 So.3d 247, 251 (Ala. Civ. App. 2015) (quoting Ritchey v. Underwood, 479 So.2d 1223, 1224 (Ala. 1985) ). The Davises assert that the Samaras lack proof of a common source of title. The Samaras, however, trace their chain of title to the Davises. Therefore, they were not required to present proof of a chain of title to the Davises' predecessors to the properties. See Atlas Subsidiaries of Fla., Inc. v. Kornegay, 288 Ala. 599, 602, 264 So.2d 158, 162 (1972) ("The plaintiff's legal title is derived from the same title that the defendants had at the time of the execution of the mortgage. Not only is the plaintiff's title derived from a common source but it is also derived from the defendants themselves.").
According to the Davises, the Samaras were required to show proof of the following links in the chain of title: the Davises' executing a mortgage in favor of the clerk of the federal district court; the clerk's assigning his interest in the mortgage to the trustee; the trustee's assigning his interest to A.M. Samara; A.M. Samara's foreclosing on the property; A.M. Samara's receiving a foreclosure deed to the property; and Terek Samara's receiving a deed to a portion of the property from A.M. Samara. The Davises assert that the Samaras failed to provide prima facie evidence *628 of an assignment of interest from the clerk of the federal district court to the trustee. In their motions for a summary judgment, the Samaras presented an affidavit from an attorney in which he testified that he had represented A.M. Samara in the federal district court and that the clerk of that court had assigned the clerk's interest in the mortgage to the trustee. It is undisputed that the clerk assigned the interest in the mortgage pursuant to the federal district court's order. Moreover, the Davises' initial briefs on appeal both speak of the assignment as a fact: "In 2012, the defendant's company, Davis International, Inc., filed bankruptcy and, pursuant to court order, the clerk assigned its interest in the mortgage to the Trustee who then assigned his interest to A.M. Samara by instrument dated August 10, 2012." As a result, the Davises do not establish a ground for reversal on this factual issue.
The Davises assert that the deed conveying A.M. Samara's interest to Terek Samara contains a defective acknowledgment. Because the Davises did not raise this argument to the trial court, we will not consider it for the first time on appeal. "[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992).
The Davises further assert that they appealed the latest judgment entered on remand by the federal district court in the first federal action to the Eleventh Circuit, that the Samaras' claims rely on that judgment, and that, after they had filed their appeals to this court, the Eleventh Circuit dismissed the appeal to that court on November 18, 2016, on the basis that the federal district court had not entered a final judgment. Even though the Davises suggest that proceedings in the federal district court are continuing, none of the parties has filed a motion in this court or suggests that the federal district court's latest judgment on remand in the first federal action has been invalidated. We conclude that the Davises have not established that the Samaras failed to provide prima facie proof of a chain of title to the property.
We conclude that the Davises' arguments do not establish a ground for reversing the summary judgments entered by the trial court. Accordingly, we affirm the summary judgments entered in case number CV-15-900107 and case number CV-15-900106.
2160019-AFFIRMED.
2160022-AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

The Davises suggest on appeal that the Eleventh Circuit has ruled that the latest judgment entered on remand in the first federal case is not a final judgment.